Opinion of the court, by
Judge Sherman:
This action being brought to recover damages for a breach of the covenant of seizin, in a deed from the defendant, McCoy, to the plaintiff’s intestate, the counsel have not confined themselves to the question necessarily growing out of the demurrer, but have argued the general questions of when, under what circumstances, and' to what extent the grantor, in a deed, is liable under the •covenant of seizin. This covenant is one of very general use in conveyances of land, in this state, and it is important that all persons should understand its nature; the liability of the grantor •thereon, and the security the grantee thereby acquires. This being ■the first time an action founded on this covenant alone, unconnected with covenants of the grantor’s right to sell, for quiet enjoyment, or against incumbrances, has come before the whole court for .adjudication, we have not confined ourselves to the'determination ■of those questions alone, arising from the demurrer.
The covenant of seizin is made for the benefit of the grantee, in respect of the land. It is not understood as a contract in which •the immediate parties are alone interested, but as intended for the security of all subsequent grantees. It is usually extended, in terms, to heirs and assigns, as well as executors.
*205 If it can justly be considered as a real covenant, it will be* annexed to, and run with the land, and either go to the assignee, or descend to the heir, so long as the estate, such as it may be, to which the covenant is annexed, is in possession of the covenantee, or those claiming under him. But if the covenant of seizinis strictly a personal covenant, as it respects the course in which it shall go to the respresentatives of the covenantee, and must .be' broken, if at all, the moment the deed is executed, it can neither go to the assignee nor descend to the heir. The right of the-grantee in such case would be a mere right of action for the recovery of damages, and upon his death would go to his personal representatives.
*The English authorities, though not numerous on the eovenant of seizin, show, that so long as the grantee, or those claiming under him, remain in possession of the land, the covenant of seizin will attend, and run with the land, and that the heir or grantee, if evicted by paramount title, can recover upon this covenant. In Coke’s Entries, 111, cited in 4 Johns. 74, a case is reported, in which it was held that the heir might sustain ah action on the covenant of seizin, he having been evicted after the death of his ancestor, who entered in his lifetime, and-died seized. In Lucy v. Livingston, 1 Vent. 175; S. T., 2 Lev. 26, which was an action by the executors, on the covenant, for quiet enjoyment, the breach assigned was that the plaintiff’s testator was-evicted in his lifetime. It was held by the court, “ that the eviction being to the testator, he can not have an heir, or assignee of his land, and so the damages belong to the executors, for they represent the person of the testator.” In the recent case of Kingdon, executor, v. Nottle, 1 Mau. & Selw. 355, the court held that the-covenant of seizin was a real Covenant, running with the land, and would pass with the estate, to the assignee, or devolve upon the heir; and that the executor could not sustain an action, without showing an eviction, or some special damage sustained by the-testator. In Kingdon v. Nottle, 4 Mau. & Selw. 53, tho deviseebrought his action on the same covenant, and recovered; the-court repeating the same doctrine that the covenant of seizin is-a real covenant, and runs with the land. In King v. Jones et al., 5 Term, 418, the grantor covenanted that he would make further assurance upon request of the purchaser. The ancestor of the-plaintiff requested further assurance, which was refused; when he- *206 died, and his heir, the plaintiff, was afterward evicted, by title paramount, and it was held, that the heir could sustain an action; that it was a covenant running with land, and the ultimate damage not being sustained, in the lifetime of the ancestor, the covenant with the land devolved upon the heir. The decision was affirmed, on error, in the court of the King’s Bench. 4 Mau. & Selw. 188. It seems to be well settled, by these recent decisions, that when the heir or assignee, acquires any interest in the land, however small, by even an imperfect or defective title, he shall be entitled to the benefit *of all those covenants that concern the realty, and where he has been evicted, by paramount title, he is the party damnified, by the non-performance of the grantor’s covenants, and, for such breach, may sustain an action. This seems to be reasonable in itself, as well as in accordance with the terms of the covenant. By considering the covenant of seizin, as a real covenant, attendant upon the inheritance, it will form a part of every grantee’s security, and make that, which otherwise must be either a dead letter, or a means of injustice, a most useful and beneficial covenant. A dead letter, when an intermediate conveyance has taken place, between the making of the covenant and the discovery of the defect of title, and the covenantee refuses to bring suit. A means of injustice, when, after the covenantee has sold and conveyed without covenants, he brings, and sustains an action, on the ground that the covenant was broken, the moment it was entered into, and could not thereafter be assigned. When lands are granted in fee, by such a conveyance as will pass a fee, and the grantor covenants that he is seized in fee, we can perceive no objection, legal or equitable, to this covenant, as well ns the covenant of warranty, passing with the land, so long as the purchaser, and the successive grantees under him, remain in the undisturbed possession and enjoyment of the land.
We are aware that the Supreme Court of New York have taken somewhat of a different view of this covenant; but highly' as we respect the decisions of that court, and much as we regret now to differ from them in opinion, we feel bound to express the result of our own judgments in every case submitted to our consideration.
The Supreme Court of Massachusetts, 2 Mass. 433, have held, that a seizin, in fact, of the grantor, at the time the deed was executed, was a sufficient compliance with the covenant of seizin in *207 the deed. This determination appears to us, to be founded on sound and correct principles. If the grantor is in the exclusive possession of the land, at the time of the conveyance, claiming a fee adverse to the owner, although he was in by his own disseizin, his covenant of seizin is not broken, until the purchaser, or those claiming under him, are evicted, by title paramount. He has a seizin in deed, as contradistinguished from a seizin in law, sufficient- *to protect him from liability, under his covenant, so long as those claiming under him may continue so seized. Actual disseizin, or the actual adverse possession of the lands of another, is the commencement of a right, which, by lapse of time, may ripen into a perfect title in the disseizor Or possessor; and, during the time that the grantee of such disseizor remains in the undisturbed possession of the lands, by reason of the conveyance of such disseizor, he can not maintain an action upon the covenant of seizin. «No breach of such covenant will have taken place, if the grantor was seized in deed at the time of the conveyance, however that seizin may hav.e been acquired. If the grantor, at the time of executing this conveyance, was in possession of the land, either as disseizor, or under color of title, it can not be said that he was not seized of an-estate in the premises. When the grantor, is not seized, either in deed or in law, at the time of conveying, the covenant of seizin must be broken, at the moment of •executing the deed containing it; and becomes thereby a mere chose in action, and no longer annexed to, or passing with the land. This is the case, when the grounds are vacant, and the grantee has no title. But when- the grantor is, at the time of the conveyance, in possession, under color of title, claiming a fee, the covenant of seizin is a real covenant annexed to the land, and passes with it to the heir or assignee, until he who has the paramount title may assert it, and evict the person in possession, when it becomes a mere claim to damages, to be enforced by him who has been evicted, and, like- any other, when in action, no longer assignable at common law.
The rule of damages, under a covenant of seizin, where a breach has been shown, is the consideration money and interest. It is the value of the land, as ascertained by the parties, and the money comes in lieu of the land lost by the non-performance of the covenant. Damages can not be awarded, either for the increased value of the land, or the improvements made. In the latter, the *208 legislature have provided an ample remedy, in favor of the occupying claimant; and awarding the former, would, in many cases, inflict a severe penalty on grantors, who conveyed, in good faith, laving perfect confidence in their title to the lands they conveyed. If the grantor has practiced any fraud in *the sale, the grantee may have his remedy, by an action on the case, in the nature of a writ of deceit. It is not unfrequently the case, that in conveying large tracts of land, especially in the Virginia military district, the grantor is seized, in the manner he covenants, of part only of the lands sold, and by means of interfering claims, defective entries, or other causes, he has no valid title to the residue. The measure of damages in such a case is the same proportion of the consideration money and interest, as the value of the lands of which the grantor was not seized is to the value of the whole; the consideration money being considered the value of the whole premises.
The pleadings in this case having terminated in a demurrer to the plaintiffs replication, has made it necessary to look into those pleadings, with reference to the principles governing the covenant of seizin, and the breaches assigned.
The replication is clearly bad, and is not attempted to be sup* ported. The plea is equally bad; it neither denies nor confesses, and avoids the want of seizin of the defendant, of the lands, at the-time of the conveyance, the breach assigned in the declaration ; but avers that before any actual damages had been sustained, the lands were sold and conveyed by the sheriff, upon execution, as-the property of Backus, the intestate. The declaration avers, generally, a want of seizin by McCoy, and this averment being unanswered -by the plea, it must be taken that McCoy, at the time of executing the conveyance, was neither seized in law nor deed of the premises conveyed, and of course the covenant was broken the moment it was entered into, and could not thereafter be assigned-by the sheriffs deed, nor descend to the heirs of Backus, but must, with all other dioses in action, pass to the personal representatives. The plea and replication, both being insufficient, there must- be-judgment for the plaintiff.