Brinkerhoff, C.J.
The plaintiff McAlpin does not appear to have availed himself of his right, under the contract contained in his lease, to become a purchaser of the demised premises, and we can not know that he ever will. He appears before us, therefore, in the character of a lessee simply. His lease contains an ordinary covenant for quiet enjoyment, and for a breach of this covenant he sues the administrator of his lessor.
1. Has the plaintiff been evicted of any portion of the demised premises; and if so, what is the extent of such eviction ?
That the widow of the lessor was entitled to dower in the demised premises, and that they were incapable of division by metes and hounds, is not denied. In such case, the statute provides that “ dower thereof shall be assigned in a special manner, as of a third part of the rents, issues and profits,” excluding in the estimate of such rents, etc., “ all permanent and valuable improvements made thereon after the husband of such widow ceased to be the owner thereof.” 3 Curwen’s Rev. Stat. 2323; 2 Id. 919.
In this case the dower was assigned in the rents, issues and profits ; and that this is equivalent to an eviction pro tanto,. is settled in Johnson v. Nyce’s ex’rs, 17 Ohio Rep. 66. Now, *129 if the dower had been assigned by metes and bounds, the actual eviction would have been of just one third of the demised premises. That it was not thus assigned, was not for or to the advantage or detriment Of either the dowress or the lessee, hut solely from the necessity of the case. The assignment of rents, issues and profits is, as near as judicial instrumentalities can' ascertain it, the exact equivalent of an actual assignment by metes and bounds. The dowress obtains nothing more, and the lessee loses nothing more, by the one process than by the other. It is true, that by reason of the appreciation of the rentable value of the premises, the dowress now obtains more than the one third of the rent payable by the terms of the lease; but the same result would have followed if the dower had been capable of assignment by metes and bounds. And as the law contemplates the one mode as the equivalent of the other, we can not avoid the conclusion, that it is the equivalent in extent as well as in fact, and the constructive eviction must be regarded as an eviction of the lessee, during the life of the dowress, from one third of the demised premises.
2. What, then, is the extent of the damages which, in contemplation of law, the lessee, plaintiff, has suffered by reason of the constructive eviction from one third of the premises ?
Where a grantee of an estate in fee simple, with warranty, is evicted, by paramount title, of his entire estate, the rule of damages is settled in Ohio to be the amount of the original purchase money, with interest, not, however, to exceed the time limited by statute for the recovery of mesne profits, from the time of eviction. So, if he be evicted of a definite portion of the premises, the damages are a proportional amount of the purchase money with like interest. King v. Kerr’s adm’rs, 5 Ohio Rep. 154; Foote v. Burnet, 10 Ohio Rep. 317; Bachus v. McCoy, 3 Ohio Rep. 211; Clark v. Parr, 14 Ohio Rep. 118. In analogy to this rule it has been held, that “ the rents reserved in a lease, where no other consideration is paid, must be regarded as a just equivalent for the use of the demised premises. The parties have agreed so to consider it. In case of eviction, the rent ceases; and the lessee *130 is relieved from a burden which must be deemed equal to the benefit which he would have derived from the continued enjoyment of the property.” Kelly v. Dutch Church of Schenectady, 2 Hill, 116. And this doctrine seems to have met the approval of the supreme court of Ohio in Nyce’s ex’rs v. Obertz, 17 Ohio Rep. 77. In this case it does not appear that the plaintiff has paid to Purcell, the assignee of the lessor, since the commencement of the widow’s suit for dower, anything more than the two thirds of the rent stipulated in the lease ; and the court below properly enjoined Purcell from demanding anything more during the continuance of the life estate of the widow. It also rightfully gave the plaintiff his costs and counsel fees in defending against the claim of the widow. And, on the whole, we can see no error in the proceedings of the court below. The cross action of Purcell against Oassilly’s administrator, which was ordered to be separately docketed, must depend upon its own particular merits, and with it we have, at present, nothing to do.
It is true that the rule of damages herein again recognized, doubtless, often fails to do full and exact justice to parties; but this is more or less the unavoidable effect of all general rules; and this rule has been adopted and established in the belief, in which we fully concur, that it is, on the whole, the best which can be found. A rule that the value of the demised premises at the time of eviction should be the measure of damages, in a country like ours, where a vast and rapid appreciation in the value of real estate is so common and even general, would be ruinous in its consequences to innocent vendors. If there be fraud in the vendor, it is said, in Bachus v. McCoy, a special action for the deceit may be maintained. And, in the- language of Bronson, J., in Kelly v. Dutch Church, "if this rule will not always afford a sufficient indemnity to the lessee, I can only say, as has often been said in relation to a purchaser, he should protect himself by requiring other covenants.” There is no peculiar hardship in this case over that of a purchaser whose title wholly fails. Such a purchaser loses wholly the benefit of his bargain; *131 while the plaintiff here loses only the one third of the benefit of his for the limited period of the widow’s life.

Judgment affirmed.

Scott, Sutliff, Peck and Gholson, JJ., concurred.