(Hardin Co., O., Common Pleas Court.)
December, 1897.

JOHN A. GARDNER v. ASHER LETSON, et al.

---

1. A recovery of damages in an action for breach of the covenant against incumbrances, the incumbrance being an assessment payable in installments, will not operate as a bar to recovery in a subsequent suit for the damages which have accrued since the former action.

2. When the court in such former action finds, in effect, that the contract is divisible, and that separate actions may be brought for different installments of an assessment, and such finding is acquiesced in by the parties, it is conclusive between them with reference to the construction of the contract, and estops them from subsequently insisting that successive actions may not be brought and judgment obtained.

---

MELHORN, J.

This action numbered 11099 was commenced September 13, 1897. The following facts are disclosed:—On March 14, 1893, the defendants conveyed to the plaintiff by warranty deed, through their duly authorized trustee, a number of lots in Riverside Addition to Kenton, Ohio, which deed covenanted the premises were free and clear from all incumbrances, and to warrant and defend the same against all lawful claims.

At the time of the making and delivery of said deed the premises were subject to a lien for general taxes and a street improvement assessment levied in September, 1891, payable in six years in twelve semi-annual installments, amounting to $247.73.

On April 22, 1893, the plaintiff conveyed said lands to one J. W. Stinchcomb, by deed in fee simple, containing covenants of general warranty against all incumbrances, and on that date plaintiff duly paid to Stinchcomb said lien for taxes and assessments, and the latter was to discharge said lien as said installments became due, and which he has since done.

On May 5, 1893, the plaintiff herein filed his petition against the defendants herein, being cause number 9756 in this court, setting forth in said petition substantially the same facts alleged in the petition in this action, except the latter avers payment of the assessment to the county treasurer and discharge of said lien by Stinchcomb.

It appears that such proceedings were had in said cause No. 9756 as that the same was submitted to the court (a trial by jury being waived) upon the pleadings and evidence, and the court found from the evidence that the facts set forth in the amended petition were true: that deeds and warranty were executed as therein stated; that taxes and assessments were then a lien upon said premises in the sum of $210.13; that plaintiff had paid said sum to Stinchcomb; that Stinchcomb agreed to pay all of said taxes and assessments and has paid the sum of $51.25 and no more, and that the balance is not yet due and not paid.

Judgment was rendered in said action in favor of the plaintiff against the defendants for said sum of $51.25 and costs, and it was further ordered by the court "that the petition as to the remainder of said assessments not paid to the

county treasurer be dismissed without prejudice to a future action."

Since said finding and judgment the remainder of said taxes and assessments have been paid in full to the county treasurer, and the same are no longer a lien or incumbrance on said premises.

In the present action the answer of the defendants in substance is, that the petition sets forth the same cause of action as was contained in the plaintiff's petition in the former action, and that the judgment therein rendered is a bar to judgment for plaintiff in the present action, all of which is denied by plaintiff.

Will a recovery of damages in an action for breach of the covenant against incumbrances operate as a bar to recovery in a subsequent suit for damages which have accrued since the former action, is submitted for our determination.

The question is of interest, and the citations of counsel in the arguments presented in support of their respective claims, indicate a conflict of opinion between eminent authority, such as "Rawle on Covenants of Title," and "Sutherland on Damages."

By an incumbrance, as the same relates to the covenants of a deed, is meant every right to or interest in land, which may subsist in third persons, to the dimunition of the value of the land, but consistent with the passing of the fee by the conveyance. Sutherland on Damages, 309.

It is held by our supreme court that the covenant against incumbrances is a covenant running with the land until the incumbrances are removed. Backus v. McCoy, 3 Ohio 211; Foote v. Burnet, 10 Ohio 333.

That it is a covenant broken as soon as made, if an incumbrance in fact exists, and a right of action accrues to the covenantee for at least nominal damages.

That only nominal damages can be recovered when the incumbrance has not been paid. Stambaugh v. Smith, 23 Ohio St., 589.

That deferred assessment installments are a lien from the time the assessment is made, and are an incumbrance under a conveyance with covenants against all claims. Craig v. Heis, 30 Ohio St., 550.

By a covenant we understand is meant a clause or agreement in a deed whereby either party may stipulate for the truth of certain facts, and bind himself to perform, or give something to or for the other; and the covenant against incumbrances being a covenant running with the land, on principle inures to the benefit of the covenantee, or even a remote grantee, if either have sustained damages for the breach.

Now if, as we have seen, the right to recover *more than nominal damages* can only arise upon payment and discharge of the incumbrance, and such right to

more than nominal damages does not arise upon the delivery of the deed, can it not therefore be said that the most substantial right accruing to the covenantee or grantee does not arise until the time of such payment? This being so, might it not also be said, that if in case of breach of such covenant a judgment for nominal damages be had, which becomes a complete bar, then we would have such judgment operating as the final determination of a right which had not yet arisen, which was not yet in existence.

Again, if the cause of action for breach of such covenant is entire and indivisible, and, as a covenant in presenti only, broken as soon as made, the right of action accrues to the covenantee upon the delivery of the deed; hence it follows that the limitation upon such right of action, under the statute, commences to run at the time of such delivery. If this be so, then might not the circumstances of a case be such as that a covenantee or a grantee might sometimes be compelled to pay off an incumbrance which had not hitherto been discovered, and yet be barred by the statutes of limitation from a recovery for breach of the covenant, thus defeating the very object of the covenant.

As already stated, there seems to be some conflict of authority as to the right of action. In Rawle on Covenants of Title page 152, (3rd edition), the author says: "If indeed the covenant be treated for all purposes as one of indemnity, it would seem to follow, in accordance with the familiar principle which governs such covenants, that a recovery of nominal damages at one time would be no bar to a subsequent recovery for an actual loss. But, although the course of decision has certainly treated the covenant as one of indemnity so far as the damages are measured, yet it cannot be said, at least on this side of the Atlantic, that there is authority to sanction more than one recovery for a breach of the ordinary covenant against incumbrances, even although but nominal damages were then recovered, the breach being held to be 'single, entire and perfect in the first instance.' The author makes a citation to 4 Kent Commentaries 472, by reference to which we find it stated as the law of that earlier period, that covenants against incumbrances were personal covenants, were in presenti *and did not run with the land.*

Better, it seems to me, is the more recent opposite view to that of Rawle on this subject, expressed in Sutherland on Damages, vol. 2, page 317, wherein the author says: "In several of the states this covenant is held to run with the land for the protection of the owner, who suffers actual injury from the incumbrance. It is there held, that the covenantee may recover nominal dam-

ages for the technical breach which happens at the moment of executing the deed containing the covenant, in consequence of the mere existence of the incumbrance; yet, that this does not arrest the covenant, and merge it in a chose in action; that a judgment for such nominal damages does not operate as a bar to a fresh suit in favor of the covenantee, or even a remote grantee, when, in the time, or during the ownership of either, a substantial injury is sustained; and that for such injury recovery may be had, limited, in maximum, only as is the recovery upon the other covenants."

It is held that a right of dower, whether assigned or unassigned, is an incumbrance within the covenant against incumbrances. 42 Michigan, 90.

In the case of Priest v. Deaver, 22 Mo. Appeals, which was one where there had been a judgment for dower decreed to be paid in installments, in the opinion by Judge Thompson an able discussion of the subject is had. As part of the syllabus of the case it is held:—

"The statute of limitations does not begin to run against an action for breach of warranty against incumbrance until the covenantee has paid money to protect his interest.

"Where the incumbrance is a judgment charging an annuity on the land, a new right of action accrues to the covenantee upon the payment by him of each installment.

"In such a case, a recovery of one installment is not a bar to a recovery for a second installment subsequently paid."

Van Fleet, in his work on Former Adjudication, vol. 1, page 259, says: "If there is a continuing covenant, successive actions may be maintained for successive breaches, and a judgment in one is no defense to another. This applies to the covenants to protect one against incumbrance."

As further authority in support of this view, may be cited, McConnell v. Kibbe, 33 Ill., 175; Boone v. McHenry, et al., 55 Ia., 202.

It is urged that the rule contended for by defendant would not work a hardship for the reason that the covenantee or grantee may pay off the incumbrance whether the installments have matured or not, and thus bring the action to recover the entire amount so paid; but while there seems to be many special acts of our legislature applicable to certain municipal corporations authorizing such payment, I am not aware of any statute under which such payment might have been made in this case.

But, again, even if we assume this position, that a former recovery is no bar, be unsound, would not the fact of acquiescence in the finding of the court in the former action, which was in effect, that the contract or covenant is divisible and that separate actions may be brought for different installments, be deemed conclusive on the parties with reference to the character and construction of the contract, and estop them from subsequently insisting that successive actions may not be brought and independent judgments recovered? The authorities are that it would. Lorillard v. Clyde, 122 N. Y. 41; Gunn v. Peaks, 36 Minn., 177; Freeman on Judgments, section 260.

The finding and judgment will therefore be in favor of the plaintiff.

Johnson & Johnson, for plaintiff.
George E. Crane, for defendant.