## ALLEN v. THOMPSON.

Opinion delivered June 29, 1925.

1. PRINCIPAL AND AGENT—RATIFICATION.—Where a purchaser accepted and retained a deed conveying a fourth interest in mineral royalties, instead of demanding a return of his money and offering to reconvey because of the vendor's failure to convey a half interest therein according to a previous oral agreement, he will be held to have ratified his agent's action in closing the deal on the basis of a one-fourth interest, and cannot sue for specific performance of such oral contract.

2.   CONTRACTS—MODIFICATION OF ORIGINAL CONTRACT.—One cannot close a contract on terms known and understood by both parties, and afterwards insist upon a different contract simply because it conformed with the original understanding, as parties have a right to change or modify their contracts by mutual agreement before consummation thereof.

3.   MINES AND MINERALS—CHECK NOT CONTRACT.—A check given for royalties, containing a notation that it is for "one-half royalties on" two described tracts of land *held* not a written contract for half royalties on both tracts, but merely evidence of payment of sum named for one half royalty in one and one-fourth royalty in the other, as expressed in the two deeds.

4.   FRAUDS, STATUTE OF—SALE OF MINERAL ROYALTIES—ORAL CONTRACT. —An oral contract for the sale of a half interest in mineral royalties in land is within the statute of frauds; the check and deeds, executed in consummation of the contract not constituting a written executory contract.

Appeal from Columbia Chancery Court; *J. Y. Stevens,* Chancellor; reversed.

Appellant *pro se.*

*Henry Stevens* and *E. A. Upton,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellant in the chancery court of Columbia County to enforce the specific performance of an alleged contract for the sale and purchase of an undivided one-half interest in the royalty of all the oil, gas, and other minerals on and under a certain seventy-acre tract of land in said county by reforming one of the deeds of conveyance. The land was conveyed by appellant to appellee in two deeds, one conveying an undivided one-half interest in said royalty upon and under sixty acres of said tract, and the other an undivided one-fourth interest in said royalty upon and under ten acres of said tract. It was alleged that, through mutual mistake, an undivided one-fourth interest of the oil, gas, and other mineral, instead of an undivided one-half interest, in the ten-acre tract was conveyed by appellant to appellee.

Appellant filed an answer denying that a mistake had been made in the quantity of royalty conveyed in the

ten-acre tract, and, by way of further defense, alleged that the contract for the sale and purchase of said royalty was verbal and void as being within the statute of frauds.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a finding that, by mutual mistake, the deed to the ten-acre tract conveyed an undivided one-fourth interest in said royalties, instead of an undivided one-half interest therein, and decreed a reformation of the deed so as to convey a one-half interest in said royalties. The court further found that one-half of the royalty from the oil produced belonged to appellee, and decreed that he have and recover one-half of the royalty of the oil heretofore produced, from which findings and decree, an appeal has been duly prosecuted to this court. The testimony is conflicting as to whether appellee contracted with appellant to purchase an undivided one-half interest in the oil and mineral royalties in the ten-acre tract, but there is no conflict relative to the quantity of royalty entering into the deal as finally agreed upon and consummated. The undisputed evidence reflects that appellee selected Harnwell & Young, a firm of attorneys at Stephens, as his agent to purchase appellant's royalty rights in the seventy-acre tract, and placed a check in their hands for $2,200 with which to pay appellant for said royalties if the abstract showed good and sufficient title in him. The check was written by Harnwell and contained the following notation in the left-hand corner, to-wit:

"One-half royalty on SE¼ SW¼, and SW¼ NW¼ SE¼ and W½ SW¼ SE¼, all in sec. 23, twp. 15 S., rge. 20 W." On examination of the abstract, it was discovered that appellant only owned an undivided one-fourth interest in the royalties upon and under the ten-acre tract. After making this discovery, Harnwell prepared two deeds, one for an undivided one-half interest in the royalties in the sixty-acre tract, and the other an undivided one-fourth interest in the royal-

ties in the ten-acre tract. These deeds were executed by appellant and delivered to Harnwell in exchange for the check which he indorsed and collected. Harnwell placed the deeds of record and sent them to appellee, explaining that he had closed the deal upon the basis of $2,200 for an undivided one-half interest in the royalties in the sixty-acre tract, and an undivided one-fourth interest in the royalties in the ten-acre tract. Appellee accepted and retained the deeds, and by so doing ratified the action of his agent. Unless he intended to abide by the sale and purchase of the royalties made by his agent, he should have repudiated the transaction by demanding a return of his money and offering to reconvey the royalties in said lands to appellant. It is true that he requested his agent several times to get the other undivided one-fourth interest in the ten-acre tract from appellant, claiming that he was entitled to it under the original agreement, but at that time he knew his agent had closed the deal with appellant upon the basis of $2,200 for an undivided one-half interest in the royalties in the sixty-acre tract, and an undivided one-fourth interest in the royalties in the ten-acre tract. One cannot close a contract upon terms known and understood by both parties, and afterwards insist upon a different contract simply because same was in conformity with the original understanding between the parties thereto. Parties have a right to change or modify their contracts by mutual agreement before consummation of same. Appellee attempts to uphold the decree of the trial court upon the theory that the only contract which could be consummated between appellee's agent and appellant was expressed in the check. The check was not in substance or form a contract between the parties. It did not purport to be a contract. It was merely an evidence of the payment of the sum named therein for the royalties expressed in the two deeds. The court erred in treating the check as a written contract between the parties. The contract, if any, between the parties was

oral and non-enforceable as being within the statute of frauds. The check and the two deeds were instruments executed and delivered in consummation of the contract, and were not themselves in any sense a written executory contract.

On account of the error indicated, the decree is reversed; and the cause is remanded with directions to dismiss appellee's bill for the want of equity.