O'BAR v. HIGHT.

## Opinion delivered November 30, 1925.

1. DEEDS—MERGER OF CONTRACT.—A contract providing for a conveyance of land, upon payment of the consideration, with a clear abstract of title, became merged in the deed subsequently executed, and a suit for defect in the title should be based upon the covenant of warranty in the deed, and not upon the prior contract.

2. APPEAL AND ERROR—HARMLESS ERROR.—The error of admitting hearsay evidence in an action to recover for breach of warranty was harmless where plaintiff was entitled to recover under the undisputed facts.

3. APPEAL AND ERROR—HARMLESS ERROR.—In an action for breach of a contract to convey and for breach of warranty in a deed, the error of submitting questions whether the contract was breached, when the contract had been merged in the deed, and whether a guardian's sale was void, where the plaintiff under the undisputed facts was entitled to recover for breach of a warranty in the deed, held harmless.

4. APPEAL AND ERROR—REMISSION OF PART OF RECOVERY.—Where, in an action for breach of warranty against incumbrance, the jury were erroneously allowed to award loss of profits in a resale of the land and attorney's fee as damages, the error may be cured by reducing the judgment.

5. GUARDIAN AND WARD—UNLAWFUL SALE OF WARD'S LAND.—Under Oklahoma Rev. L. 1910, § 6653, allowing a minor's land to be sold only for support and education or for reinvestment, a sale by guardian for the purpose of paying a mortgage indebtedness conferred no title.

6. COVENANTS—DAMAGES FOR BREACH.—The correct measure of damages for breach of a warranty is either the consideration paid, with interest, or, in case the land is retained, the expense of procuring the outstanding title or correcting the defects in the title.

7. COVENANTS—DAMAGES FOR BREACH.—Damages for breach of a warranty against incumbrances do not include loss of profits on resale of the property or attorney's fees for enforcing the breach.

Appeal from Sebastian Circuit Court, Ft. Smith District; *John E. Tatum*, Judge; affirmed with modification.

*Chew & Ford*, for appellant.

*Roy Gean* and *J. A. Gallaher*, for appellee.

HUMPHREYS, J.   This suit was instituted by appellee against appellants in the circuit court for the Fort Smith

District of Sebastian County to recover damages for an alleged breach of contract to convey and furnish a clear abstract of title to the S ½ of the N.E ½ of section 19, township 8 north, range 26 east, in LeFlore County, Oklahoma, which appellant purchased from appellee, and for a breach of the warranty under an Oklahoma warranty deed. The contract for the sale and purchase of the land was of date March 19, 1920, and the warranty deed, executed and delivered pursuant thereto, was of date June 7, 1920. The contract provided for a conveyance of the land upon payment of the consideration with a clear abstract of title. The abstract of title was delivered for examination prior to the execution and delivery of the deed. The deed warranted the title to be "forever free, clear, and discharged of and from all former grants, charges, taxes, judgments, mortgages, and other liens and incumbrances of whatsoever nature except a certain mortgage for $500." We think the contract merged in the deed, and the suit must be in effect a suit upon the warranty. It was alleged that appellant, J. M. O'Bar, purchased the land at a void guardian's sale, and for that reason did not own the legal title to the land at the time he conveyed it to appellee; and that under the Oklahoma law this constituted a breach of his covenant of warranty from the date of his deed to appellee.

Appellants filed an answer denying that the guardian's sale of the land was void, and this formed the real issue in the case before the trial court.

The cause was submitted to a jury upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and consequent judgment against appellants, from which an appeal has been duly prosecuted to this court.

In the course of the trial the court, over the objection and exception of appellants, erroneously admitted hearsay evidence, erroneously submitted to the jury the question of whether appellants breached the contract of sale and purchase of the land when the contract had merged in the execution and delivery of the deed, erro-

neously submitted to the jury the question of law as to whether the guardian's sale of the land to the appellant, J. M. O'Bar, was void under the law of Oklahoma, and erroneously submitted to the jury the questions of law as to whether appellee could recover the loss of profits in a resale of the land and an attorney's fee in this case as damages on account of a breach of covenant of warranty contained in the deed: The errors of the court mentioned above, except the last two, were harmless, as appellee was entitled to recover on the breach of warranty in the deed under facts appearing in the record which are undisputed. The errors last mentioned, while prejudicial, may be remedied by a reduction of the judgment in a sum equal to the amount of the two items. Justice, therefore, may be done the parties without a reversal of the judgment in its entirety, and a remand of the cause for a new trial.

The record reflects that J. M. O'Bar purchased the land in question at a guardian's sale which was ordered and confirmed by the county court of LeFlore County, Oklahoma, on the petition of Mrs. Grace Wright, who was the duly appointed, qualified, and acting guardian of the Morris heirs. The petition for the sale alleged that the ancestor of the minors mortgaged this land together with other lands for $2,500, which would soon be due, and the guardian prayed for a private sale of the land to pay said mortgage indebtedness. The sale was ordered, made, and confirmed for that purpose. Under the statute laws of Oklahoma lands of minors can only be sold for their support and education or for reinvestment. Section 6653, vol. 2 of Revised Laws of Oklahoma, 1910. It appears on the face of the petition and throughout the proceedings that the county court was without jurisdiction to order the sale for the purpose of paying off an indebtedness of the minors' ancestor. It was said in the case of Lee v. Tonsor, 62 Okla. 14: "Where it affirmatively appears from the face of the record that

the court is without power to make the order that was made, such order is void and subject to collateral attack.'' No title passed to J. M. O'Bar under the sale; so he did not have a legal title to the land to convey to appellee. A recovery may be had in Oklahoma on a breach of warranty in a deed before an eviction. *Faller* v. *Davis*, 30 Okla. 56. The record further shows that the appellee sold and conveyed the land to Dr. E. F. Hodges for a consideration of $6,000 before the breach of warranty was discovered. When it was discovered that the guardian's sale was void, appellee's attorney notified J. M. O'Bar that the title would have to be corrected, and that, unless he would cooperate with appellee in bringing the necessary court proceedings, appellee would bring suit against him for a breach of warranty under the Oklahoma statutes. O'Bar refused to assist in perfecting the title, claiming that it was not defective. Thereupon appellee brought suit in Oklahoma in the name of his grantee, Dr. E. F. Hodges, to correct the defect, and obtained a decree quieting his title. Dr. E. F. Hodges accepted the title thus quieted on condition that appellee would deduct $655.29 from the purchase price. Appellee allowed the deduction, and, in addition, expended in perfecting the title the following amounts, to-wit: $326.50 for attorney's fee, $32.90 for court costs, and $16.50 for back taxes, making a total including the deduction of $1,031.19. This suit was then brought for that amount and an attorney's fee of $250 on account of the breach of warranty. A recovery was had for these items. The correct measure of damages for a breach of the warranty was either the consideration paid with interest, or, in case the land was retained, the expense of procuring the outstanding title or correcting the defects in the title. The loss of profits on a resale and an attorney's fee for enforcing the breach were not protected by the covenant of warranty. It was error to allow a recovery for these items.

The judgment will therefore be reduced by the total amount of these items, and, as modified, will be affirmed.