DUNCAN *v.* McADAMS.

5-79                                257 S. W. 2d 568

Opinion delivered May 11, 1953.

144

*George E. Pike,* for appellant.

*Botts & Botts,* for appellee.

ED. F. McFADDIN, Justice. The right of ownership of a 40-acre tract is the dispute presented by this appeal. Appellants (Duncan and his grantees) filed suit to compel appellees (McAdams and wife) to convey the 40-acre tract; and from a decree refusing the prayed relief, there is this appeal.

On January 1, 1941, McAdams and Duncan entered into a contract whereby McAdams agreed to sell and Duncan agreed to buy certain lands in Arkansas County, described in the said contract as follows:

"North Half of the Northwest Quarter (N½NW¼) and Southeast Quarter of the Northwest Quarter (SE¼ NW¼)· all in Section 35, Township 5 South, Range 2 West, containing 80 acres, more or less according to the U. S. Gov't. Survey, located in the Southern District of Arkansas County, Arkansas."

The agreed price was $600, evidenced by a series of notes to be paid $100 and interest each year, and the contract provided that if any payment should not be made when due, then the seller could declare all payments theretofore made to be rent. On November 27, 1948, Duncan finally paid the last of the notes and interest, and McAdams and wife executed to Duncan a Warranty Deed, conveying an 80-acre tract, described as follows:

"E½ NW¼ Sec. 35, Twp. 5 South, Range 2 West of the 5th P. M., containing 80 acres more or less according to the U. S. Government Survey."

It will be observed that the contract of January 1, 1941, described not only the 80 acres contained in the said deed of 1948, but also described the NW¼ NW¼ Sec. 35, which is the 40-acre tract here in dispute. Even though Duncan accepted the deed in 1948 that omitted the said 40 acres, nevertheless he and his co-appellants now claim that McAdams is bound to convey the said 40 acres contained in the contract and omitted from the deed.

On August 3, 1950, Duncan and wife conveyed the 40 acres, here in dispute, to Williams, Shackelford, Purdy and Trussell; and the said grantees, along with Duncan, filed this suit against McAdams and wife, on August 16, 1950, seeking to compel McAdams and wife to convey the said 40-acre tract.

Against the complaint, McAdams claimed that the 40-acre tract was included in the 1941 contract by mutual mistake; that McAdams only intended to contract to sell, and Duncan only intended to buy, the 80-acre tract described in the 1948 deed; that Duncan frequently acknowledged said mistake between 1941 and 1948; that Duncan accepted the 1948 deed as fully satisfying the 1941 contract; and that the present suit was inspired by Duncan's grantees, who knew long prior to their deed from Duncan that he had no claim to the said 40 acres.

On the issues framed by the pleadings, many witnesses were heard by the Chancellor, and it became a question of which set of witnesses to believe. The rules of law applying to a case like the one here are:

(a) before Duncan accepted any deed under the contract, the burden would have been on McAdams to show a mistake in the contract;

(b) but after Duncan accepted the 1948 deed in satisfaction of the contract, the burden devolved on Duncan and his co-appellants to prove that there was a mistake made by the parties, a misrepresentation, or a fraud perpetrated on Duncan when he accepted the 1948 deed in satisfaction of the contract. These rules are true because our cases hold that a contract for the conveyance of lands is deemed merged in the deed subsequently executed under the terms of the contract. See *O'Bar* v. *Hight,* 169 Ark. 1008, 277 S. W. 533; *Allen* v. *Thompson,* 169 Ark. 169, 273 S. W. 396; *Fretwell* v. *Nix,* 172 Ark. 230, 288 S. W. 8; and *Jackson* v. *Lady,* 140 Ark. 512, 216 S. W. 505. Cases from many jurisdictions are cited in the Annotation in 84 A. L. R. 1008 on the matter of a deed as merging the provisions of an antecedent contract. In 55 Am. Jur. 756, the rule is stated:

"In the absence of fraud or mistake, and in the absence of contractual provisions or agreements which are not intended to be merged in the deed, upon the acceptance of a deed tendered in performance of an agreement to convey, the written or oral agreement to convey is merged in the deed, the agreement to convey is discharged or is modified as indicated by the deed, the deed regulates the rights and liabilities of the parties, . . ."

Again in 55 Am. Jur. 758, the rule is stated:

"Although the lands embraced in the deed are not the identical lands described in the agreement, yet in the absence of evidence of mistake, misrepresentation, or fraud, if the purchaser accepts the conveyance, the agreement to convey is discharged."

The fact that Duncan accepted the 1948 deed is clearly established; so the burden was and is on Duncan and his co-appellants to prove that there was a mistake, a misrepresentation, or a fraud perpetrated on Duncan, when he accepted the 1948 deed. There is no occasion

for us to consider whether such proof would have to be merely by a preponderance of the evidence, or by evidence clear, cogent and convincing; because Duncan and his co-appellants have failed to sustain the burden under either rule. It would unduly prolong this opinion to detail the pertinent testimony of the various witnesses and to comment on the original papers which we have caused to be brought up to this Court for examination. We conclude that Duncan and his co-appellants failed to prove their case even by a preponderance of the evidence; and we also conclude that before Duncan's grantees received the deed from him, they knew of all the defects in Duncan's claim to the 40 acres.

Therefore, the decree of the Chancery Court is in all things affirmed.