WILLIAM J. BOLTON, ADM'R. ET AL v.
EULA ARMSTRONG SMITH

5-6026                                          485 S.W. 2d 224

Opinion delivered October 9, 1972

*Roy H. Mitchell,* for appellants.

*Michael B. Heindl,* for appellee.

CONLEY BYRD, Justice. This action arises out of an ante-nuptial agreement between Dessie Hamilton and Leo-

nard Hamilton before their marriage in 1947. Pursuant to that agreement Leonard conveyed to Dessie a lot on Lake Hamilton which was erroneously described as Lot 9 of Block E, Point Lookout Subdivision. Dessie died in 1957 without issue and by her will devised Leonard a life estate in the Lake Hamilton lot with the remainder to her sister Eula Armstrong Smith. While Leonard was in possession of the lot, as life tenant, he discovered that the "Lot 9" description was erroneous. In January, 1969, he conveyed the Lot by its proper description "Lot 7" to his son and daughter-in-law, William and Delores Bolton. After Leonard's death and the discovery of the 1969 conveyance, Eula Armstrong Smith brought this action against William and Delores Bolton and Leonard's estate to have the 1969 conveyance set aside or in the alternative for damages. The Chancellor found that William and Delores were bona fide purchasers for value and because of the recording statute took superior title. However, he assessed the damages on the basis of the present market value of the property plus reasonable attorney's fees. Leonard's estate has appealed contending that under our decisions, such as *O'Bar v. Hight,* 169 Ark. 1008, 277 S.W. 533 (1925), the only damages recoverable for a breach of warranty is the consideration paid. We agree with the Chancellor.

The Chancellor in ruling against Leonard's estate relied upon an exception to the rule set out in *O'Bar v. Hight, supra.* The exception as stated in *Madden v. Caldwell Land Co.,* 16 Idaho 59, 100 P. 358, see also 20 Am. Jur. 2d p. 692, is to the effect that a vendor, after conveying good title, who subsequently conveys to another, who takes superior title by first recording his deed, stands in the same position of a vendor who breaches his contract and refuses to convey. Another similar exception to the rule stated by appellant is where the vendor has practiced a fraud. See *Backus v. McCoy,* 3 Ohio 211 (1827), *Sellards v. Adams,* 190 Ky. 723, 228 S.W. 424 (1921), and 20 Am. Jur. 2d Covenants, Conditions, etc. § 142. Under either exception, the Chancellor correctly assessed the damages at the market value.

Eula has cross-appealed from the Chancellor's finding that William and Delores were bona fide purchasers for value. On the record, as abstracted, we cannot say that the

Chancellor's finding is contrary to a preponderance of the evidence.

Affirmed with all costs to be assessed against Leonard's estate.