## THE SURF CLUB, INC. *v.*
### Esther M. LUBIN

84-28　　　　　　　　　　　　　　　　　666 S.W.2d 405

Supreme Court of Arkansas
Opinion delivered April 2, 1984

*Rieves, Shelton & Mayton,* for appellant.

*Jake Brick, P. A. ,* for appellee.

DARRELL HICKMAN, Justice. In this case the only question is whether a land sales contract merged into two warranty deeds. The trial court found that it did and we agree.

In 1960 Dr. and Mrs. Milton Lubin contracted with City Real Estate Company for the purchase of two lots in the Horseshoe Lake Estates Subdivision which is located in Crittenden County, Arkansas. In that contract, there was an incomplete sentence stating that in consideration of the recited payments "the seller agrees to set aside and reserve, and upon payment in full to sell to the purchaser by the issuance of a membership certificate, subject to its rules and in the Surf Club, Inc." The Surf Club, a non-profit organization consisting of property owners in the Horseshoe Lake Estates Subdivision, was not formed until 1964. In 1966, appellee Mrs. Lubin received her deeds from City Real Estate Company which contained the following provision:

> No dues, charges or fees shall be assessed against the purchasers of any lots in said subdivision for the right, in common with other purchasers, to use, for all usual purposes, the streets, ways, beaches, recreation

and water front areas as shown on said plat, but such use shall be in accordance with rules and regulations of City Real Estate Co. This provision does not preclude the collection of fees for water, electricity or taxes.

There was no mention in either of the deeds of The Surf Club, and it is the position of the appellee that she was neither required to become a member nor obligated to pay assessments by the Surf Club against her property. The Surf Club filed this suit to collect assessments for four years in the amount of $200. We agree with the trial court's decision that the sales agreement merged with the warranty deeds and there is nothing in the deeds that bound Esther M. Lubin to become a member of The Surf Club or to be responsible for payment of the assessments by The Surf Club. It is a general principle of law that an agreement made for the sale of lands merges into a deed subsequently executed. *Croswhite* v. *Rystrom,* 256 Ark. 156, 506 S.W.2d 830 (1974); *Mills* v. *Deniston,* 227 Ark. 463, 299 S.W.2d 195 (1957); *Duncan* v. *McAdams,* 222 Ark. 143, 257 S.W.2d 568 (1953).

We find nothing in this case which would justify a deviation from that rule.

Affirmed.