Gaylon ROBERTS *v.* Ann ROBERTS (Cox)

CA 92-951                                           856 S.W.2d 28

Court of Appeals of Arkansas
Division I
Opinion delivered June 23, 1993

*Malcolm R. Smith, P.A.*, for appellant.

*Smith & Smith*, by: *Robert H. Smith*, for appellee.

MELVIN MAYFIELD, Judge. Appellant, Gaylon Roberts, appeals from the decree of the chancellor that granted the motion of the appellee, Ann Roberts (Cox), which asked that the court order the appellant to pay appellee $11,000.00 pursuant to a

property settlement agreement made when the parties were divorced in September of 1985. Paragraph 3 of the property settlement agreement, which was incorporated into the decree of divorce, stated:

> Husband and Wife own as tenants by the entirety the real property located at 1809 Cherry Street, Stuttgart, Arkansas the same being the residence of the parties. Husband and Wife agree that as of the date of this document they have an accumulated equity in said property in the amount of $22,000.00. Husband shall have as his sole and separate property said real property and Wife shall convey to Husband her interest in said real property by Quitclaim Deed in consideration for Husband paying to Wife the sum of $11,000.00 upon Husband selling the house at any time in the future.

At the hearing on appellee's motion, the appellant testified that in 1988 the appellee gave him a quitclaim deed pursuant to the provisions of the property settlement agreement. Appellant took the position that under the property settlement agreement the $11,000.00 was to be paid simultaneously with the execution of a quitclaim deed when he sold the property. He said he has no intention of paying appellee $11,000.00 because the quitclaim deed shows she has no further interest in the home. He admitted giving appellee nothing in exchange for the deed, but raised the defense of accord and satisfaction. He testified that in August 1988 the appellee wanted to force him to sell the property and pay her $11,000.00; that he and his attorney offered several proposals; and then one day the appellee came in and signed the quitclaim deed.

The appellee testified that her understanding of the property settlement agreement was that she would give appellant a quitclaim deed and, upon his selling the home, he would pay her $11,000.00. She said she gave him the quitclaim deed in 1988 because they were having a disagreement and she wanted him to sell the house.

Appellee testified further that she never thought she was giving up her right to $11,000.00 and that she received nothing in return for the deed. She said the deed was executed in conjunction

with the negotiation and disagreement they were having, but it was still her understanding that she would get her money when the house was sold.

On appeal, appellant argues that a deed need not be based on consideration to transfer title to property; that the trial court erred in not applying the doctrine of merger; and that the trial court erred by allowing parol evidence to vary the terms of the deed.

Appellant's argument that there need be no consideration for a deed does not pertain to an issue in this case. The appellee is not seeking to void or set aside the quitclaim deed that she gave the appellant. She is trying to enforce the provisions of a property settlement agreement which the parties entered into in 1985.

Appellant also argues that the doctrine of merger applies to this case, and quotes from *Croswhite v. Rystrom*, 256 Ark. 156, 162, 506 S.W.2d 830 (1974), the statement that "an agreement made for the sale of lands merges into a deed subsequently executed." But the quotation stops short. The rest of the sentence states, "however, if there be a showing of mutual mistake of fact, a misrepresentation, or perpetration of a fraud, the merger is not consummated." Moreover, *Croswhite v. Rystrom* cites as authority the case of *Duncan v. McAdams*, 222 Ark. 143, 257 S.W.2d 568 (1953), which quotes as authority a statement from American Jurisprudence that the doctrine of merger applies "in the absence of fraud or mistake, and in the absence of contractual provisions or agreements which are not intended to be merged in the deed." From the testimony of the appellee, the chancellor could find that the agreement between the parties in this case was not intended to be merged in the deed. In other words, that the agreement did not intend for the payment of the money and the delivery of the deed to take place simultaneously. The chancellor's order in this case stated, "to find for the Defendant [appellant] would in effect cause a forfeiture and would violate all principles of equity." We think the chancellor's finding is supported by the law and the evidence; therefore, the doctrine of merger does not apply.

Appellant's last argument is that parol evidence cannot be admitted to void a deed. This argument, like appellant's first

argument, also misses the point. Appellee is not trying to void the deed; she is simply trying to collect under the terms of the property settlement agreement.

Affirmed.

PITTMAN and ROGERS, JJ., agree.