Collier v. Cowger.

---

## COLLIER v. COWGER.

1. WARRANTY: *Of real estate: Action for breach of: Eviction.*
    A judgment against a covenantee in possession of land, upon the foreclosure of a
    lien created prior to the covenant, rendered after notice to the warrantor to ap-
    pear and defend, is conclusive of the existence of an outstanding paramount
    incumbrance, and is a constructive eviction entitling the covenantee to his action
    on the covenant.

2. SAME: *Same: Damages.*
    Where the covenantee buys in the outstanding incumbrance to protect his estate,

he is entitled to recover the sum expended in doing so, provided it does not exceed the amount paid the warrantor for the property, with legal interest on such sum from the date of extinguishing the incumbrance.

3. SAME: *Same.*

In an action for breach of warranty of title to real estate, where paramount title has been asserted and maintained by a judgment in ejectment, there can be no recovery of interest, prior to eviction, upon the sum paid the warrantor, unless the plaintiff in ejectment has recovered *mesne* profits.

APPEAL from *Yell* Circuit Court in Chancery, Dardanelle District.

G. S. CUNNINGHAM, Judge.

This is an action to recover damages for a breach of the covenant contained in a deed executed by the defendant to the plaintiff's wards, who are the minor heirs of J. H. Cowger, deceased. The complaint makes in substance the following averments :

That on the 29th day of November, 1884, in consideration of the sum of $274.69 cash, paid by plaintiff below to appellee for said minors, the appellee executed and delivered to said minors a deed, conveying to them certain described land. That he warranted the title against all lawful claims, and that the premises were free from incumbrances, and that he had a good right to sell and convey the same. That at that time the lands were incumbered by a vendor's lien in favor of I. C. Jones, who brought suit, in which a decree was rendered for such lien in the sum of $307, and the land was sold under this decree, and E. H. Cowger, the plaintiff below, bought it in, and the sale was confirmed and deed made to her. That Collier was notified of the pendency of this suit by her, but failed to defend. That at her own expense she defended the suit. The deed of Collier, which was duly acknowledged and recorded, and the decree in the Jones case, were exhibited with the complaint.

The defendant's answer puts in issue all the material allegations of the complaint, and concludes with a demurrer stating among other grounds of objection to the complaint that it

fails to aver an eviction. The cause was by consent transferred to the equity docket. The decree of the court was in favor of the plaintiff for the sum of $274.69, the amount paid to the defendant for the land, with interest thereon from November 29, 1884, the date of such payment, at 6 per cent. per annum. The defendant appealed.

*S. W. Williams* and *W. N. May*, for appellant.

1. There was no breach of the warranty. There must be an actual or constructive eviction to constitute a breach of this covenant. *Teideman on Real Prop.*, sec. 855. While possession is undisturbed, there is no breach. *Rawle Cov. for Title*, *pp. 312, 313; 11 Ark., 59; 21 id., 235; 23 id., 203.* See, also, *21 Ark., 585; 22 id., 284.*

2. The mere existence of paramount title is not enough (*ib.*), and where one knows of an incumbrance, as Mrs. Cowger did, she must be held to waive any rights arising in consequence thereof. *22 Ark., 284; 23 id., 147.* See, for a full discussion of the question, *2 Wait's Act. and Def., p. 388;* also, *10 Wheaton, 449.*

3. No interest should have been allowed from the date of the deed. *13 Johns., 50.* Rents are the counterpart of interest. In this case no *mesne* profits were recovered against Mrs. Cowger. *Ib.*

4. A purchaser who has accepted a deed with no covenants but those of warranty, in the absence of fraud, has no remedy until evicted. *40 Ark., 420.*

*Davis & Bullock*, for appellees.

The covenant of warranty is, in effect, a covenant for quiet enjoyment. *3 Washb. Real Pr., p. 469, par. 18.* An eviction is not necessary when constructive dispossession has taken place. *19 Kans., 539; 6 Cush., 124; 81 Ill., 346; 39 Cal., 360; 2 Am. Rep., 456; 1 Am. Dec., 704; 14 id., 45; 31 Ark., 319; 1 Aiken, 233; 1 Dev., 413; Rawle on Cov. for Title, 4th ed., 143.*

Collier v. Cowger.

PER CURIAM: A judgment against a covenantee in possession upon foreclosure of a lien created prior to the covenant, rendered after notice to the warrantor to appear and defend, is conclusive of the existence of an outstanding paramout incumbrance. It is a constructive eviction, and he is entitled to his action upon the covenant. Where the covenantee buys in the outstanding incumbrance to protect his estate, he is entitled to recover the sum expended in so doing, provided such sum does not exceed the amount paid to the warrantor for the property, with the legal interest on such sum from the date of the extinguishment of such incumbrance. *Boyd v. Whitfield,* *19 Ark., 447; Rawle Cov. Tit., secs. 143–6.*

*Margin: WARRANTY: Eviction.*

*Margin: Damages.*

When paramount title is asserted, and maintained by judgment in ejectment, the recovery of interest prior to eviction, upon the sum paid the warrantor, will depend upon the answer to the question whether there has been a recovery of *mesne* profits by the plaintiff in ejectment. Interest on the money and *mesne* profits are regarded as the equivalent of each other. *Rawle Cov. Tit., sec. 195 et seq.,* and cases cited.

*Margin: Same.*

In this cause, plaintiffs, through their mother, purchased the land at a sale under I. C. Jones' decree on January 14, 1886, and are entitled to recover the $274.69 of purchase-money paid Collier with interest at 6 per cent from January 14, 1886, to this date, amounting to $64.82.

The decree of the Circuit Court in so far as it awarded interest from November 29, 1884, is reversed. Otherwise it is affirmed and judgment will be entered here in accordance with this opinion.

It is so ordered.