CASE 52—RULE—NOVEMBER 24.

# Paducah Hotel Company v. Dennis Long & Co., &c.

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

1. APPELLANTS MAY BE REQUIRED TO GIVE SECURITY FOR COSTS where they would if plaintiffs in an action be so required.

   One of two appellants being a corporation and the other the claimant, *as assignee*, of certain bonds issued by the corporation, and the latter being shown to be insolvent, bond for costs is required.
2. CONSTITUTIONAL LAW.—The Legislature may prescribe the terms upon which parties may appeal, provided there is no improper discrimination.
3. THE WORD "PLAINTIFF," as used in the Civil Code, embraces a defendant who seeks relief by cross-petition.

WM. LINDSAY, T. G. POORE FOR APPELLANT.

GREER, QUIGLEY & QUIGLEY, WHEELER & BLOOMFIELD FOR APPELLEES.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The response to the rule against the appellants to give security for costs is insufficient.

The Paducah Hotel Company is *a corporation*. The only other appellant is the claimant, *as assignee*, of a portion of the bonds issued by the Hotel Company. He is shown to be insolvent.

Section 744 of the Civil Code, relative to practice in this court, says: " The appellant may be required to give security for costs, as plaintiffs in civil actions may be so required."

Section 616 provides that a plaintiff, who is a non-resident of the State, or *a corporation*, other than a bank created by the laws of this State, shall give security for the costs of the action ; and section 619 is : " A guardian, curator, committee or next friend, suing for a person

under disability; and *every plaintiff suing as an assignee,* except an indorsee of a bill of exchange or a promissory note placed upon the footing of a bill of exchange, *when insolvent,* may be required to give security for costs; and on failure to do so in a reasonable time after it is directed by the court, upon the motion of the defendant his action shall be dismissed."

These provisions clearly entitle the appellees in this case to demand security for costs.

In addition, however, it may be said the appellants became defendants below upon their petition, and sought relief by cross-petition. By section 732, sub-section 36, of the Civil Code the word "plaintiff" embraces a defendant, who demands a set-off, or counter claim; the word "defendant" a plaintiff against whom such a demand is made; and the word "petition" an answer or reply in which such a demand is made, and also embraces cross-petitions.

Insolvency alone does not entitle an appellee to security for costs from the appellant; nor unless some statutory ground for asking it exists against all appellants united in interest, can it be required.

This appears, however, in this case, and the rule is, therefore, made absolute. While all parties have the constitutional right to be heard in the courts in defense of their rights, yet the Legislature certainly has the power to prescribe the terms upon which they may appeal, and if these terms be applicable alike to all of a class, and there be no improper discrimination, they are not open to objection. The appellants are required to give security for the costs of this appeal within thirty days or it will be dismissed.