### Bracken v. Dinning.

(Decided October 19, 1910.)

### Appeal from Simpson Circuit Court.

1. Non-resident Defendants—Allegation of Petition—Bonds for Costs—Estoppel.—An allegation in the petition that the defendant was a resident of Simpson county, Kentucky, will not estop the plaintiff from showing the real facts as to his residence, and when he resides out of this State may require him to give security for costs.

2. Same—Unfair Discrimination.—Sec. 744 of the Code providing that the "appellant may be required to give security for costs as plaintiff in civil actions may be so required," is not unconstitutional as an unfair discrimination between non-resident defendants who appeal, and resident defendants.

ROARK & FINN for appellant.

GEO. W. WHITESIDES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER.

The appellant, R. P. Bracken, was defendant in the court below. From the judgment against him there he has appealed to this court.

The appellee, Bertha Dinning, has filed her affidavit showing that the appellant is a non-resident of this state, and moved the court for a rule against him to show cause why he should not be required to give a bond for costs. The appellant's response admits his non-residence and pleads in estoppel that plaintiff, in her petition, alleged that the defendant was a resident of Simpson county, Kentucky; and also claims section 744 of the Code, which authorizes non-resident appellants to be required to give bond for costs, is unconstitutional.

The plea in estoppel is bad. In the first place, the allegation in the petition, that he was a resident of Simpson county at the time the suit was instituted, is not at all inconsistent with the fact that he is a non-resident now. But passing this, we are of opinion that the allegation in the petition will not estop the plaintiff from showing the real facts of the residence of the defendant now.

Section 744 of the Code is as follows: ''The appellant may be required to give security for costs, as plaintiffs in civil actions may be so required.'' We do not think this section is unconstitutional as an unfair discrimination between non-resident defendants who appeal, and resident defendants. This very question arose in Paducah Hotel Co. v. Dennis Long & Co., 92 Ky. 278. In the opinion there it was said: ''While all parties have the constitutional right to be heard in the courts in defense of their rights, yet the Legislature certainly has the power to prescribe the terms upon which they may appeal, and if these terms be applicable alike to all of a class, and there be no improper discrimination, they are not open to objection.''

The rule against appellant is made absolute, and he is given thirty days within which to execute a sufficient bond for costs; in default of which the appeal will be dismissed.