## SMITH *v.* BOYNTON LAND & LUMBER COMPANY.

### Opinion delivered October 22, 1917.

1. COVENANTS—QUIET ENJOYMENT—BREACH—EVICTION.—A breach of a covenant of warranty of quiet enjoyment does not occur until eviction.

2. ADVERSE POSSESSION—PAYMENT OF TAXES FOR SEVEN YEARS.—The payment of taxes for seven years, continuously, upon wild land amounts to possession (Kirby's Digest, § 5057), and where a grantor holds land in that manner, a covenant of quiet enjoyment to his grantee is not broken until the actual eviction of the grantee.

3. COVENANTS OF WARRANTY—CONSTRUCTIVE POSSESSION—EVICTION.— One who holds land by virtue of the payment of taxes under section 5057 of Kirby's Digest, is evicted, when a court of competent jurisdiction declares another title paramount to his.

4. COVENANT OF WARRANTY—BREACH—DAMAGES.—Where the grantee has been evicted, and has purchased the outstanding title, under a covenant of warranty he may recover from his grantor what it cost him to buy in the outstanding title, not exceeding the purchase price, but he can not recover court costs and attorney's fees unless he notified his covenantor of the adverse claim, in order that the covenantor might come in and defend.

Appeal from Greene Circuit Court; *R. H. Dudley,* Judge; reversed.

*L. C. Going* and *Block & Kirsch,* for appellant.

1. There is but a single question involved. Where wild and unimproved lands, on which the grantor has paid taxes under color of title, are, after the passage of the seven years' tax payment statute (Kirby's Digest, § 5057) conveyed by deed containing the statutory covenants of warranty, is the breach, if there be a paramount outstanding title, instantaneous, or is it postponed until that title is asserted? In other words, does the statute of limitations in such case date from delivery of the deed, or from the hostile assertion of a paramount claim? Our contention is the latter.

Under Kirby's Digest, § 731, the words "grant, bargain and sell" import seizin in fee, good right and power to convey, premises free from incumbrance and quiet enjoyment. 98 Ark. 503; 15 *Id.* 289. The first three are

personal and do not run with the land and are broken, if at all, as soon as made. 1 Ark. 313; 90 *Id.* 363. The covenant of quiet enjoyment runs with the land and is transferable to an assignee. 1 Ark. 313. It is, in effect, a covenant of general warranty. 98 Ark. 504; Tiedeman, Real Property (3 ed.), § 618. It is broken by a disturbance of possession, or expulsion or eviction by one having paramount title. It concerns the possession, not the title. 7 R. C. L. 1145, 1159; 2 Am. Rep. 456. Appellee, to sustain its contention that the breach was immediate and that the statute of limitations started from the date of the deed in May, 1906, relies on 74 Ark. 348 and 98 *Id.* 367.

But here the deed was executed July 12, 1898, before the passage of the seven years statute of tax payment. Even if applicable by reason of retroactive provisions, the opinion nowhere indicates that it was ever called to the attention of the court. These cases do not apply. 7 R. C. L. 1151; 59 Ark. 626; 19 Kan. 539; 33 Ark. 593; Tiedeman, Real Prop. (3 ed.), § 619. One who pays taxes on wild land, under color of title, is deemed in possession thereof, and seven years' payment successively amounts to an investiture of title. 74 Ark. 302; 83 *Id.* 154; 109 *Id.* 281.

Here no eviction occurred until 1914, and the suit is not barred. 7 R. C. L. 1150.

2. The measure of damages is settled in 53 Am. St. 120. Appellant paid $1,600 and litigated, after due notice, in good faith incurring an expense of $300 for attorney's fees and $64 costs. He bought in the land for $1,459.89 and should have judgment therefor plus attorney's fees and costs. *Supra.*

*Jones, Hocker, Sullivan & Angert,* of St. Louis, for appellee.

1. The only question is as to the covenant of quiet enjoyment and when did the right of action accrue thereon? Kirby's Digest, § 731; 74 Ark. 350; 98 *Id.* 369. The action accrued on the making of the deed and the action is barred. 16 Ark. 154; 31 *Id.* 364; 47 *Id.* 170; 94 *Id.* 438; 85 *Id.* 484.

2.   Attorney's fees can not be recovered unless the covenantor is given due notice.   20 Ark. 250; 132 N. C. 268; 61 L. R. A. 772.   None was given.

3.   The bar was complete when the action was commenced and no recovery can be had.   Cases *supra.*

HUMPHREYS, J.   Appellant brought suit on the 12th day of March, 1917, in the Greene Circuit Court to recover damages in the sum of $1,824.79 on account of an alleged broken statutory covenant for quiet enjoyment, implied in a certain deed of ''grant, bargain and sell,'' of date May 22, 1906, executed by appellee to appellant, conveying the following wild and unimproved land in Cross County, Arkansas, towit:   The southwest quarter, section 27, township 9 north, range 5 east.

Appellee interposed the five-year statute of limitations as a defense to the cause of action.

In the spring of 1914, Elizabeth Brinkley Currier recovered the land from appellant's grantee on a paramount title to the title passed by the deed from appellee to appellant of date May 22, 1906.   On June 1 thereafter, appellee's grantee, Northern Ohio Cooperage & Lumber Company, purchased the outstanding paramount title for $1,459.89.   Appellant was vouched to defend the suit brought by Mrs. Currier which he did at an expense of $64.39 costs and $300 attorneys' fees, and these amounts, together with the amount expended for Mrs. Currier's paramount title, constitute the basis of this action.   The cause was heard by the court sitting as a jury, upon the complaint, answer and agreed statement of facts, upon which judgment was rendered dismissing appellant's complaint.   From the judgment of dismissal an appeal has been prosecuted to this court.

The sole question presented by this appeal is, Did appellant's right of action for breach of covenant accrue on the date of the execution of the deed from appellee to appellant, or on the date Mrs. Currier recovered judgment for the land against appellant's grantee, Northern Ohio Cooperage & Lumber Company?

(1-3)  It was agreed that C. O. Boynton, in appellee's chain of title, paid taxes on said real estate for the years 1896 to 1905, both inclusive, and that appellant's grantee, the Northern Ohio Cooperage & Lumber Company paid taxes for the years 1906 to 1914, both inclusive. In other words, the taxes on the land in question were continuously paid under color of title by parties in the chain of appellee's title for the years 1896 to 1914, both inclusive.  Appellee purchased from the heirs of C. O. Boynton, who paid the taxes on said real estate for more than seven years next before the conveyance from appellee to appellant of date May 22, 1906.  The payment of the taxes on this wild land for more than seven years under color of title by C. O. Boynton, invested him with a title by adverse possession, good as against every one not laboring under legal disability.  C. O. Boynton's heirs succeeded to all his rights by inheritance; and their grantee, who is appellant here, acquired their title and right of possession under deed of date May 22, 1906.  Had not appellant's grantors continuously paid the taxes on said land for seven years under color of title immediately preceding the date of the conveyance, then it could not be said that appellee was in possession when the deed was delivered, and, in that event, the covenant for quiet enjoyment would have been broken *eo instanti;* but appellee's predecessor in title having paid more than seven years' taxes on said land under color of title next preceding the date of the deed executed by appellee to appellant, the possession of said real estate rested in appellee as completely as if he had been in seven years' actual, adverse possession; hence, the covenant for quiet enjoyment was not broken until appellant's possession was disturbed.  This announcement of the law is clearly sustained by the ruling in the case of *Brasher* v. *Taylor,* 109 Ark. 281.  The issues involved in the case just referred to called for a construction of the act of March 18, 1899 (§ 5057, Kirby's Digest).  In construing the statute, this court held that seven years' payment of taxes on wild land under color of title by a party, or those under whom he claimed, con-

stituted a possession equal to seven years' adverse, pedal possession; and that one claiming by paramount title could bring ejectment against him.

Appellant's possession was not disturbed until judgment was rendered in the Federal court in favor of the true owner, Mrs. Elizabeth Brinkley Currier. That judgment was rendered in the spring of 1914, hence the right of action did not accrue on the statutory warranty for quiet enjoyment until that date. This suit was instituted on the 12th day of March, 1917, less than five years after eviction, hence not barred.

It is insisted that this view of the law is in conflict with the rule laid down in the case of *Seldon* v. *Dudley E. Jones Co.,* 74 Ark. 348, and approved in *Arnold* v. *Chas. T. Abeles & Co.,* 98 Ark. 367. In the case of *Seldon* v. *Dudley E. Jones Co., supra,* Mr. Chief Justice HILL, in rendering the opinion, said: "The general rule is that to charge a person on a warranty eviction must be alleged. But where the land is wild and unimproved, as in this case, actual eviction is not necessary. The possession follows the legal title, and a paramount title carries possession with it, amounting to constructive eviction." The distinguishing feature between the Seldon case and the case at bar is that the complaint in the Seldon case contained no allegation that the holder of the inferior title, or those under whom he claimed, had paid the taxes on the land continuously for seven years under color of title next before the conveyance containing the warranty was made. The rule announced in the Seldon case, as applicable to the issue presented, was eminently correct, for as between the holder of a paramount and inferior title to wild lands the constructive possession necessarily follows the paramount title. The rule announced in the Seldon case was adhered to in the case of *Arnold* v. *Chas. T. Abeles & Co. supra,* and is still adhered to, but it has no application where it appears that the holder of the inferior title has continuously paid the taxes under color for seven years.

The case at bar is ruled by *Brasher* v. *Taylor, supra.* The rule announced in the Brasher case and in this case in no way conflict with the rule announced in the Seldon and Arnold cases.

The learned chancellor erred in holding under the facts of this case that the right of action upon the warranty for quiet enjoyment accrued immediately upon the execution of the deed of date May 22, 1906. The right of action did not accrue until the possession was disturbed by actual eviction, which was within five years before the commencement of this action.

(4) The only remaining question is to determine the amount of damages appellant should recover on account of the broken warranty. Appellee paid appellant $1,600 for the land. Appellant purchased the paramount outstanding title on the 1st day of June, 1914, for $1,459.89. When vouched to defend his own warranty to the Northern Ohio Cooperage & Lumber Company, appellant expended $300 as attorneys' fees and $64.39 costs in an unsuccessful attempt to defend his title. The total amount expended by him was less than the purchase price and interest thereon. In the case of *Dillahunty* v. *Railway Co.,* 59 Ark. 629, this court announced the rule to be that, ''Where the covenantee has extinguished the adverse title, his recovery will be limited to the amount necessarily paid by him for that purpose, including the incidental expenses and reasonable compensation for his trouble, not exceeding in all the purchase price and interest.'' Under the rule laid down in the Dillahunty case, appellant is clearly entitled to the amount he expended to procure the outstanding title with interest from the 1st day of June, 1914, at 6 per cent. per annum, that being the date he purchased the paramount outstanding title. This court also held, in *Beach* v. *Nordman,* 90 Ark. 59, that where the covenantor had been notified of the pendency of an adverse suit and to defend same, the covenantee would be entitled to recover necessary expenses, including a reasonable attorney's fee expended in a *bona fide* but ineffectual effort to uphold the title which he had acquired

from his covenantor. In the case at bar, appellee received no notice to come in and defend the possession when Mrs. Elizabeth Brinkley Currier brought suit to recover the land. On the question of the necessity of notice with reference to adverse claims and suits before any liability for expenses and attorneys' fees can be claimed against the covenantor by the covenantee, Mr. Rawle on Covenants for Title (5 ed.), § 200, deduces the following rule from conflicting authority: "A consideration of these rather conflicting cases would seem to suggest as a rule to be deduced from them that the plaintiff's right to recover counsel fees as part of his costs should, in general be limited to cases where he has properly notified the party bound by the covenant to come in and defend the title. * * *" We adopt the rule as laid down, and decline to allow appellant any expenses on account of court costs and attorneys' fees.

There being no dispute as to the amount expended to procure the outstanding title and the date thereof, the judgment is reversed and judgment is entered here in favor of appellant for $1,459.89, with interest at the rate of 6 per cent. per annum from the 1st day of June, 1914, until paid.