Fox *v.* Pinson.

## Opinion delivered December 6, 1926.

1. MORTGAGES—SALE OF LAND NOT INCLUDED.—A decree of foreclosure ordering a sale of 80 feet on which a hotel stood to satisfy a mortgage which covered only 75 feet thereof was erroneous.

2. MORTGAGES—COVENANT AGAINST INCUMBRANCES.—A vendor who conveyed land by deed with warranty against incumbrances cannot foreclose his mortgage taken to secure the purchase money before paying off and clearing the record of all incumbrances.

3. MORTGAGES—FORECLOSURE—UNMATURED INSTALLMENTS.—In the absence of an accelerating clause in purchase-money notes or mortgage, a mortgagor cannot enforce his lien for the total indebtedness on default in payment of a part thereof.

4. GARNISHMENT—NECESSITY OF ANSWER.—A purchaser of land who gave purchase-money notes should, on being served with a writ of garnishment by the vendor's creditor, tender the money due to the vendor into court and request that same be applied to her notes before being paid to such creditor.

5. MORTGAGES—ASCERTAINMENT OF PRIORITIES.—A valid foreclosure decree must be obtained before there can be any basis for ascertainment and declaration of priorities between claimants.

Appeal from Union Chancery Court, Second Division; *E. G. Hammock,* Chancellor on exchange; reversed.

*Coulter & Coulter,* for appellant.

*Marsh, McKay & Marlin,* for appellee.

HUMPHREYS, J. This suit was commenced in the chancery court of Union County, Arkansas, by W. J. Pinson, one of the appellees, against Yetta C. Fox, one of the appellants, to foreclose two mortgages in the total sum of $50,000 and accumulated interest, upon the east 80 feet of lot 4, in block 17, in the city of El Dorado, known as the States Hotel property. It was alleged in the complaint that, on January 1, 1924, said appellant executed two mortgages to said appellee upon said property to secure the balance of the purchase money for same, amounting to $50,000, one for $20,000 to secure the payment of twenty-five promissory notes in the sum of $800 each, the first being due on the 1st day of January, 1929, and one on the first day of each month thereafter, bearing interest at the rate of 8 per cent. per annum,

interest payable annually; and the other for $30,000, to secure the payment of sixty promissory notes in the sum of $500 each, falling due consecutively on the 1st day of each month thereafter, and each bearing interest from date until paid at the rate of 8 per cent. per annum; that said appellant had defaulted in the payment of interest in the sum of $1,600 on the first series of notes, and on the payment of four notes in the second series, with accumulated interest thereon, and that she had failed to pay the taxes on said property and insure the hotel.

Said appellant filed an answer, admitting the purchase of the property and execution of the first and second mortgages to secure the first and second series of notes, but denied that she had failed to keep up the payments or comply with the terms of the mortgages until a writ of garnishment was served upon her for a claim of $2,000, issued in a suit pending in the first division of the chancery court, wherein F. M. Dielman was plaintiff, and said appellee and J. T. Finn, an owner of an equitable interest in said property, were defendants, the suit being for an alleged balance due to Dielman as a real estate commission from them for selling said property to her. She interposed the further defenses that said appellee conveyed the property to her under a warranty that same was free from incumbrances, whereas appellee, as well as J. T. Finn, who owned an equitable interest therein, had executed separate mortgages upon said property to various parties, which were placed on record prior to said appellee's deed to her, and prayed that said appellee be required to clear the property of all incumbrances prior to said deed; and that there was no accelerating clause in the mortgages or notes which she executed to said appellee, and that he was not entitled to foreclose upon the unmatured indebtedness secured by said mortgages.

The Globe Petroleum Company and the First National Bank of El Dorado, two of the appellees herein, the First State Bank of Paris, Texas, one of the appellants herein, and a number of other parties, filed separate

interventions, claiming interests in the property prior and paramount to W. J. Pinson or Yetta C. Fox, under mortgages antedating the deed from W. J. Pinson to Yetta C. Fox, and interests prior and paramount to W. J. Pinson as holders by assignment of certain of the series of notes executed by Yetta C. Fox to W. J. Pinson.

The intervention of the First National Bank of El Dorado was based upon the mortgage executed to it upon the east 75 feet of lot 4, block 17, in the town of El Dorado, by W. J. Pinson, on the 10th day of January, 1923, to secure the payment of a note in the sum of $20,000, in which it was alleged that there was a balance due upon said mortgage of $4,500.

The suit of F. M. Dielman for his commissions was consolidated with this suit and the interventions filed therein, and the consolidated cause proceeded to a hearing upon the pleadings and the oral and documentary testimony adduced by the several parties, resulting in a decree declaring that the mortgage executed by Pinson to the First National Bank of El Dorado was prior and paramount to all other claims against the entire property, and adjudging a foreclosure of the east 80 feet of said lot and block to satisfy the amount due upon said mortgage. The court then proceeded to determine the priorities between the several claimants who had intervened, and ascertained the amount due each on their several claims just as if the unmatured notes were due, and adjudged the amounts due the several claimants thus ascertained liens upon the proceeds to be derived from the sale of the property, after first paying the mortgage and interest due the First National Bank of El Dorado. The court also ascertained that F. M. Dielman was entitled to a balance of $650 upon his claim as commissions for making the sale, and rendered judgment in his favor against J. T. Finn, and ordered that same be paid out of the proceeds of the sale in the order of priorities theretofore determined. The court appointed a commissioner to make the sale and report his proceedings to the

court at its next regular term after the sale should be made.

An appeal from the decree has been duly prosecuted to this court by Yetta C. Fox, F. M. Dielman and the First State Bank of Paris, Texas.

The effect of the decree, as we interpret it, was to treat all notes and accounts as matured claims against the whole property, and to foreclose the liens and sell the property to create a fund out of which to pay the said claims in order of adjudged priorities.

It is conceded by all the parties that the mortgage in favor of the First National Bank of El Dorado is prior and paramount to all other claims against the east 75 feet of said lot in said block, but the appellants contend that the court erred in decreeing a foreclosure of the east 80 feet of said lot to satisfy the balance due upon said mortgage. Just how this error crept into the finding and decree of the court we are at a loss to understand, as, by reference to the mortgage, we find that it only covered the east 75 feet of said lot. The property was valuable, and the sale of the extra five feet in connection with the east 75 feet as a whole necessarily prejudiced the rights of Yetta C. Fox, who purchased the 80 feet of said lot upon which the hotel stood, as well as other subsequent lienholders.

Appellants' next contention for a reversal of the decree is that the court erred in ordering a sale of the east 80 feet of said lot to create a fund to pay the lien of W. J. Pinson and his assignees, under both the first and second mortgages executed by Yetta C. Fox to him. They are correct in their contention for two reasons.

First, that W. J. Pinson was in no position to foreclose either of his mortgages before paying off and clearing the record of all incumbrances placed by him and J. T. Finn upon the east 80 feet of said lot. He and Finn owned the property jointly, subject to certain mortgages each had placed upon it, at the time he conveyed it by warranty deed to Yetta C. Fox. He held the legal

title, and conveyed it under a warranty that it was unincumbered.

Second, only a part of his debt was due, and, there being no accelerating clause in the notes or mortgages, he was powerless to enforce a lien against the property for his total indebtedness. The statutes of our State do not provide for a foreclosure of an entire mortgage indebtedness upon default in the payment of an installment thereof which has become due, nor the foreclosure of two mortgages upon the same property by the same mortgagee upon default in the payment of the due mortgage before the maturity of the other. In the first instance, the mortgagee can foreclose upon installments only which have matured, subject to the continuation of the lien upon the property to secure the unmatured installments; and, in the second instance, can only foreclose the mortgage which has matured and not the undue mortgage. If the law were otherwise, there would be no necessity for an accelerating clause in mortgages, and it is almost a universal custom in this State to embrace accelerating clauses in mortgages. Even the printed forms of mortgages contain such clauses. There is much authority in support of a contrary rule, and also in support of a rule allowing the situation in each case to be taken care of by provisions in the decree, but we think the rule announced is the most wholesome and the fairest to both mortgagor and mortgagee. Any other rule would create inequalities between owners of notes falling due at different times which are embraced in the same mortgage. This court stated, in the case of *Land* v. *May,* 73 Ark. 415, in dealing with a number of notes secured by mortgage, some of which were due and some not, that the mortgagee "was entitled to have foreclosure for such as were due." This was tantamount to saying that he was not entitled to foreclose for such as were not due. The case was reversed, and remanded with permission to amend and ask for foreclosure of such as were due. In the instant case appellee should be granted such permission only in case he first does equity by pay-

ing the mortgage he executed to the First National Bank of El Dorado upon the east 75 feet of said lot prior to his sale of same to Yetta C. Fox, and clearing the record of other liens placed upon the property by J. T. Finn and himself.

Appellant also contends for a reversal of the judgment because a writ of garnishment was served upon her in the Dielman suit. Her position is not tenable in this respect. She should have filed an answer in the garnishment proceeding and tendered the money to the court, requesting that same be applied to the satisfaction of her notes before being paid over to either of the contestants.

It is unnecessary to consider the correctness of the priorities of the different claimants, as they were prematurely ascertained and declared by the court. There can be no ascertainment and declaration of priorities between claimants to a fund unlawfully created.. A valid foreclosure decree must be obtained before there can be any basis for an ascertainment and declaration of priorities between the several lien claimants.

On account of the errors indicated the decree is reversed, and the cause is remanded for further proceedings not inconsistent with this decree.