Fox *v.* Pinson.

Opinion delivered May 21, 1928.

*Coulter & Coulter,* for appellant.

*Marsh, McKay & Marlin,* for appellee.

McHaney, J. This is the second appeal of this case. The opinion on the former appeal may be found in *Fox* v.

*Pinson*, 172 Ark. 449, 289 S. W. 329. On that appeal the case was reversed on the ground, first, that a decree of foreclosure ordering a sale of eighty feet, on which the hotel stood, to satisfy a mortgage which covered only seventy-five feet thereof, was erroneous; second, that one who conveys land by warranty deed against incumbrances cannot foreclose his mortgage for the purchase money before paying off and clearing the record of incumbrances; and third, that, in the absence of an accelerating clause in the mortgage or the purchase money notes which it secures, the mortgagor cannot enforce his lien for the whole indebtedness, but for only such part as may be in default at the time.

During the pendency of the former appeal W. J. Pinson, who was the appellee in that case, died, and George W. Jones, who was the purchaser at the void foreclosure sale, one of the appellees on this appeal, took possession of the property under such sale. The other appellees are the widow and surviving heirs at law of W. J. Pinson. Upon a remand of the former cause, the court appointed John H. Pinson administrator for the purposes of this suit.

Thereafter, appellant filed her cross-complaint in this action, calling on the administrator and survivors of W. J. Pinson to defend her title under the warranty deed of W. J. Pinson against those who were claiming title to the property prior and paramount to hers. She further alleged that the appellees had unlawfully deprived her of the possession of the property involved in this suit from the 6th day of January, 1925, to the 17th day of January, 1927; that the fair rental value of said property for such time was $600 per month, and that, by reason of being unlawfully deprived of the possession thereof, she had been damaged in the sum of $14,640; that, in addition to the rental value, they unlawfully and wrongfully converted to their own use furniture, furnishings and fixtures located in the building on said premises, of the value of $20,000; that during said period of time, and

while appellees were unlawfully in possession of said property, they destroyed the building located thereon, of the value of $40,000. She claimed the total damage of $74,640, which she admitted should be reduced by the sum of $11,500, being twenty-three promissory notes in the sum of $500 each, which were due at that time, and prayed judgment for the balance. To this cross-complaint appellees filed separate demurrers, which the court sustained, and, on appellant's declining to plead further, her cross-complaint was dismissed for want of equity.

While it is true that, since the remand of this case, appellees have not sought or obtained a decree of foreclosure in accordance with the opinion of this court rendered on the former appeal, still we are of the opinion that the cross-complaint stated a cause of action, and that the court erred in sustaining the demurrer. We are furthermore of the opinion that the decree of the court sustaining the demurrers and dismissing the cross-complaint of appellant for want of equity was such a final order as is appealable. The order dismissing the cross-complaint was a final disposition of her right of action against appellees, and one from which an appeal may be prosecuted. In *Temple Cotton Oil Co.* v. *Davis,* 167 Ark. 448, 268 S. W. 38, this court said: "As has been said, the court sustained demurrers to the original amended complaint. This action did not constitute a final order from which an appeal could have been prosecuted, as plaintiff did not stand on the sufficiency of the complaint. Had it done so, the court would no doubt have dismissed the complaint, from which action an appeal could have been prosecuted."

In the recent case of *Flanagan* v. *Drainage District No. 17,* 176 Ark. 31, 2 S. W. (2d.) 70, this court discussed very thoroughly the question as to what constitutes a final decree, and there collected many authorities relating to the subject. The gist of all of them is that a judgment or decree is final which dismisses the party from the court, discharges him from the action, or concludes his

rights to the subject-matter in the controversy. This is exactly what the decree in this case did, so far as appellant's cross-complaint is concerned. She does not deny the alleged indebtedness existing by reason of the mortgage and purchase money notes, and we see no reason why her right to recover damages for the unlawful possession, use and destruction, or conversion, of her property could not be litigated in this action. We do not decide whether any damage has been sustained by appellant, nor who is liable therefor, if any one. We merely hold that the cross-complaint states a cause of action, and that a decree sustaining the demurrer and dismissing the complaint for want of equity is a final decree from which an appeal may be prosecuted.

The decree will therefore be reversed, and the cause remanded, with directions to overrule the demurrers to the cross-complaint and for further proceedings according to the principles of equity and not inconsistent with this opinion.