Fox *v.* Pinson.

Opinion delivered December 22, 1930.

*Coulter & Coulter,* for appellant.

*Marsh, McKay & Marlin* and *J. R. Wilson,* for appellee.

Hart, C. J. Appellant prosecutes this appeal to reverse a decree of the chancery court dismissing her complaint for damages for breach of warranty and her prayer to restrain the defendant administrator from paying a claim of the Drew County Bank & Trust Company against the estate of W. J. Pinson, deceased.

The cause has been before us several times. In *Fox v. Pinson,* 172 Ark. 449, 289 S. W. 320, it was held that a vendor who conveyed land by deed with warranty against incumbrances cannot foreclose his mortgage, taken to secure the purchase money, before clearing the record of all incumbrances. It was further held that, in the absence

of an accelerating clause in purchase-money notes or mortgage, a mortgagor cannot enforce his lien for the total indebtedness in default of payment of a part thereof.

Upon the remand of the cause, the court appointed John H. Pinson, administrator of the estate of W. J. Pinson, who had died during the pendency of the suit. Thereafter Yetta Fox filed her cross-complaint, calling on the administrator of the estate of W. J. Pinson, deceased, to defend her title under the warranty deed of said W. J. Pinson, against those who are claiming title to the property paramount to her title. The court sustained a demurrer to the cross-complaint; and, Yetta Fox declining to plead further, her cross-complaint was dismissed for want of equity. Upon appeal, the court held that in a suit to foreclose a mortgage, a cross-complaint calling upon the administrator of the estate of the grantor to defend the title under his warranty and setting up dispossession and destruction of a building on the premises constitutes a cause of action, and it was error to sustain a demurrer thereto. *Fox* v. *Pinson,* 177 Ark. 381, 6 S. W. (2d) 518.

After the second remand, additional testimony was taken, and at the conclusion thereof, and before submission, Yetta Fox took a voluntary nonsuit as to her cross-complaint. The court then rendered a decree in the case on the issues remaining; and the cause was before this court in *Fox* v. *Pinson,* 180 Ark. 68, 20 S. W. (2d) 645. The issues decided upon that appeal have no bearing on the question here involved and need not be stated.

The present suit was commenced by Yetta Fox against John E. Pinson, administrator of the estate of W. J. Pinson, deceased, and others, on the first day of February, 1930. The original suit was commenced as a mortgage foreclosure proceeding by W. J. Pinson against Yetta C. Fox. In that suit it was agreed between the parties that the First National Bank of El Dorado had a mortgage on the property in controversy and that the

balance due under it on April 1, 1925, was $4,500 with interest at the rate of ten per cent. per annum. It was stipulated that W. J. Pinson died on September 26, 1926, and that the building situated on said property was destroyed by fire on September 29, 1926. It was also stipulated that the cause was revived in the name of the heirs of W. J. Pinson, deceased, and in the name of John Pinson, special administrator of his estate, on September 28, 1927. It was stipulated that Yetta C. Fox took a voluntary nonsuit on her cross-complaint February 4, 1929.

The opinion upon the first appeal of *Fox* v. *Pinson*, 172 Ark. 449, 289 S. W. 329, was delivered on December 6, 1926. After the case was remanded to the chancery court, the cause was revived against the heirs and the administrator of the estate of W. J. Pinson, deceased, on April 4, 1927. On April 6, 1927, Mrs. Fox filed her cross-complaint, in which she alleged that W. J. Pinson, the original plaintiff, had died since the institution of the action, and she asked that his widow and his heirs at law and John H. Pinson, as administrator of the estate, be made parties defendant. In her cross-complaint she sets up facts which entitled her to affirmative relief; and in this connection it may be stated that the cross-complaint was filed within a year after the appointment of the administrator of the estate of W. J. Pinson, deceased; and the institution of her action against the administrator of said estate by way of cross-complaint was equivalent to an exhibition of her claim against the estate and prevented the statute of nonclaim from running.

The record shows that she dismissed her cross-complaint on February 4, 1929, and commenced the present suit on the first day of February, 1930, which was less than one year after the voluntary dismissal of her cross-complaint. It will be seen from the opinions of the court upon the former appeals in this case that there was a breach of the warranty against incumbrances in the deed of W. J. Pinson to Yetta C. Fox by the execution by Pinson of the mortgage to the bank; and the foreclosure pro-

ceedings by the bank on its mortgage was equivalent to eviction which gave Mrs. Fox the right to assert damages for breach of covenant as a defense or to ask for affirmative relief by way of cross-complaint. *Collier* v. *Cowger,* 52 Ark. 322, 12 S. W. 702, 6 L. R. A. 107; and *Belleville Land & Lumber Co.* v. *Griffith,* 177 Ark. 170, 6 S. W. (2d) 36.

An action may be dismissed without prejudice to a future action before the final submission of the case to the court. Crawford & Moses' Digest, § 1261. Under § 6969, such plaintiff may commence a new action within one year after such nonsuit has been taken. The present action was commenced within one year after Mrs. Fox dismissed her cross-complaint seeking affirmative relief against the administrator of the estate of W. J. Pinson, deceased, for breach of his covenant against incumbrances in the deed to her.

This brings squarely before us the question whether a cross-complaint of this kind is a complaint within the meaning of § 1261 of the Digest. At common law a plaintiff has an absolute right to discontinue or dismiss his suit at any stage of the proceedings prior to judgment, and this right is a substantial one. It is also the undisputed right of a plaintiff to dismiss a bill in equity before final hearing. *L. R. M. R. & T. Ry. Co.* v. *Manees,* 49 Ark. 248, 4 S. W. 778, 4 Am. St. Rep. 45; and Ex parte *Skinner,* 265 U. S. 86, 44 S. Ct. 446.

Under our system of practice, cross-complaints are in the nature of independent suits, and parties defendant are necessary to be served in cross-complaints as in original complaints. *Ringo* v. *Woodruff,* 43 Ark. 497; and *Pillow* v. *Sentelle,* 49 Ark. 430, 5 S. W. 783.

There is a distinction between cross-complaints that are merely defensive and those that seek affirmative relief. If Mrs. Fox had merely made allegations in her cross-complaint which would entitle her to damages by way of defense to the foreclosure suit, this would not have made her cross-complaint an independent action. She

set up, however, matters which gave her a right to affirmative relief, and asked for all damages against the breach of the covenant which embraces all which she might have asserted in an independent action. This made her cross-complaint something more than merely defensive. She sought affirmative relief as an independent action, and we think this made her a plaintiff within the meaning of our statute providing for a voluntary dismissal of an action before the final submission of a case to the court by the plaintiff. Her right to dismissal was absolute, and she might bring suit within one year after dismissal. The provision in question has always been treated as a general provision regulating the practice in all cases not excepted from its operation, and the statute does not seem to have made any exceptions in cases where suits are brought against the administrators of estates of deceased persons. Therefore we are of the opinion that Mrs. Fox is not barred of her right of recovery by the statute of nonclaim or by the voluntary dismissal of her cross-complaint.

This brings us to a consideration of her recovery in the present case. As we have already seen, her right to recovery for breach of warranty has been recognized in all of the opinions upon the former appeals in this case. We think she should be entitled to recover under the facts in the record the sum of $11,950 and interest, thereon from May 24, 1925, the date of her constructive eviction. This amount is composed of the following items: $5,000, which she paid on the purchase price; four $500 notes, which she afterwards paid to Pinson and which amount to $2,000; eight $500 notes which she paid to his assignees amounting to $4,000; attorneys' fees in the sum of $500; and court costs in the sum of $450.32. This makes an aggregate of $11,950.32. The interest from May 24, 1925, the date of her eviction, to the date of the decree at six per cent. should be added. These amounts are allowable under our decisions fixing the measure of damages in cases of this sort. *Collier* v. *Cowger,* 52 Ark. 322, 12 S. W. 702; *Brawley* v. *Copelin,* 106 Ark. 265, 153 S. W. 101;

*Seldon* v. *Jones,* 89 Ark. 234, 116 S. W. 217; *Bass* v. *Starnes,* 108 Ark. 357, 158 S. W. 136; *Shelton* v. *Ratterree,* 121 Ark. 482, 181 S. W. 288; *Smith* v. *Land Company,* 131 Ark. 22, 198 S. W. 107; *Mayo* v. *Maxwell,* 140 Ark. 84, 215 S. W. 278; *O'Bar* v. *Hight,* 169 Ark. 1008, 277 S. W. 533; *Smith* v. *Thomas,* 169 Ark. 1110, 278 S. W. 39; and *Belleville Land & Lumber Co.* v. *Griffith,* 177 Ark. 170, 6 S. W. (2d) 36.

Therefore, the decree of the chancery court will be reversed, and the cause will be remanded with directions to enter a decree in favor of Mrs. Yetta Fox as indicated in this opinion, and for such further relief as she may be entitled to according to the principles of equity. It is so ordered.