FRANCES GABRIELLE, CARLO GABRIELLE AND LILLIAN GABRIELLE, PLAINTIFFS, v. JOSEPH MASSELLI AND CHARLES C. ARMSTRONG, DEFENDANTS.

Decided February 21, 1938.

For the motion, *Gross & Gross*.

Opposed, *Edward J. Ascher*.

LAWRENCE, S. C. C. The question here involved appears to be novel. Plaintiffs seek in this suit to recover compensation of defendants for injuries received in an automobile accident which occurred in this state. Defendant Masselli is a non-resident. With his answer denying liability he has filed a counter-claim against defendant Armstrong charging him with negligently causing the accident and seeking damages in his own right. On the theory that by so pleading he (Masselli) has in his counter-claim assumed the position of a party plaintiff as against him (Armstrong) the latter has, by notice, demanded of him in that relation security for costs, pursuant to section 204 of the Practice act of 1903. *Pamph. L., p.* 590; *3 Comp. Stat.* 1910, *p.* 4115. Defendant Masselli now moves to strike the demand as improper on the ground that he is not in fact a party plaintiff in the suit and that the statute is not applicable to him, even though he is a non-resident.

In *Candiano* v. *Pittenger,* 7 *N. J. Mis. R.* 1027, 1028; 148 *Atl. Rep.* 14, it was pointed out that under rules 65, 66 and 68 of the Supreme Court a defendant in an accident case may counter-claim against another defendant; that a counter-claim is deemed to be a cross-action and may designate those not made parties by the complaint. Rule 68 speaks of a

counter-claim where a co-defendant is made a party to it, while the Practice act of 1912 contemplates a liberal construction, "to the end that legal controversies may be speedily and finally determined according to the substantive rights of the parties." Section 12 of the act permits a defendant to counter-claim or set-off any cause of action. In such case he may, and when required by the court shall, issue summons against any third party necessary to be brought in; but in the discretion of the court separate trials may be ordered, or if the counter-claim cannot be conveniently disposed of in the pending suit, the court may strike it out.

It was also said in the cited case that since it is thus made discretionary in the court, or largely so, with regard to the determination of all the issues arising out of the same cause of action or based on the same set of facts, it would seem that no difficulty or inconvenience would arise at the trial in not only trying out the main issue but also that presented by such a counter-claim. Should it there appear, under the fair preponderance of the proof, that the defendant filing it had been wholly blameless, that is to say, had not been negligent, he could have brought an independent action against the other defendant or have properly been a party plaintiff in the pending suit. His counter-claim consequently is a cross-action in which he appears obviously in that relation therein to the other defendant. His mere titular designation as a defendant in the present action is not controlling and does not change his status as a non-resident moving party in the counter-claim. He may properly be termed in effect the plaintiff therein. It also follows that in the event that no evidence should be found at the trial to support his counter-claim the defendant named therein would be entitled to have his costs taxed in that respect.

On the argument of the present motion counsel for defendant Masselli urged that the language of the statute is limited to non-resident plaintiffs and that the court would be obliged to indulge in judicial legislation to extend the express provision of the statute to cover a counter-claimant in a case such as this. But this does not appear to be so. If Masselli

had instituted suit against Armstrong, or if at the trial of the present action the court should find that the counter-claim cannot be conveniently disposed of and direct that it be separately tried, the question of the right of defendant Armstrong to security for costs, under the statute, could not very well be raised. The intent of the provision to require a moving party to an action who is not a resident of the state to post security seems sufficiently clear.

While it was not stated on the argument of the motion whether any of the plaintiffs resides in the state, it was admitted that Masselli does not, and in *Kearney* v. *Baptist,* 10 *N. J. Mis. R.* 431; 159 *Atl. Rep.* 405, it was held that a non-resident plaintiff would be required to give security for costs, even though one or more of them be resident. The fact that the Practice act of 1912 permits a defendant to counter-claim against another defendant, instead of being required to bring a separate action as formerly, does not, it would seem, make section 204 of the Practice act of 1903 inapplicable to him if he be non-resident. The conclusion is that the motion to strike the demand for security for costs should be denied.