JOSÉ F. ROMÁN ET UX., Petitioners, v. DISTRICT COURT OF SAN JUAN, Respondent; RUFINO DE GOENAGA, Intervener.

No. 1672.  Argued November 3, 1947.—Decided December 22, 1947.

*Harry B. Llenza* for petitioner.  *Sergio G. Gelpí* for intervener, defendant and cross-claimant in the main action.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

The petitioners, residents of the city of New York, were there served with summons and a copy of the complaint in an action brought against them by Rufino de Goenaga, for specific performance of a contract for the sale of a lot, which was attached.  The petitioners answered the complaint and

filed a cross complaint claiming damages, and $500 as attorney's fees. The plaintiff Goenaga then moved for the issuance of an order requiring the defendants and cross-claimants, to give bond to secure the payment of costs to the plaintiff, on the ground that they were not residents of the Island of Puerto Rico. The motion was granted and the court fixed the bond in the sum of $300 and ordered the stay of all proceedings in connection with the cross complaint until said bond was given.

The cross-claimants requested a reconsideration of the order which was denied, whereupon they instituted the present proceeding in this Court. They allege that the lower court lacked jurisdiction to render the order sought to be reviewed, "since § 342 of the Code of Civil Procedure (1933 ed.), provides that security for costs can only be required when the plaintiff in an action resides out of the Island of Puerto Rico and it does not include in any way, either expressly or impliedly, a defendant." They further allege that if the lawmaker had intended to impose that obligation on the defendant, the statute itself would have so provided; and that the counterclaim and the cross complaint are remedies of the defendant which can not be limited by the filing of a bond, unless the statute expressly so requires.

■■ The cross complaint filed by the nonresident defendants, petitioners herein, set up an absolute denial of the averments of the complaint, to the effect that the defendants promised to sell to the plaintiff the lot in question, and alleged that the action brought by the plaintiff, Rufino de Goenaga, had been a surprise for the absentee defendants and was part of a plan of the plaintiff to compel the defendants to sell him the lot for less than its just value. The nonresident cross-claimants averred that in order to take care of the defense of the action brought by Goenaga, the defendant Román was compelled to make a hasty trip from New York to Puerto Rico, having spent in said trip the sum of $389; that he had to leave his business in New York, sustaining

a. loss of $650; and that, as he had not been able to continue a diet which had been prescribed for him, he had suffered damages amounting to $300.

We will not stop to consider whether or not the cross complaint brought by the nonresident defendants is premature. The only question to be decided is whether the lower court erred in deciding that the defendants and cross-claimants were bound to give security for costs, because they did not reside in Puerto Rico.

Section 342 of the Code of Civil Procedure provides that "When the plaintiff in an action resides out of the Island . . ., security for the costs and charges, which may be awarded against such plaintiff, may be required by the defendant" and, further, that "When required, all proceedings in the action must be stayed until an undertaking. . . is filed with the secretary, . . . not exceeding the sum of three hundred dollars."

There is no doubt that if the petitioners herein, instead of filing a cross complaint, had waited until they had obtained a favorable decision in the action brought by Goenaga, and then sought to recover from the latter, through a separate action, damages suffered in consequence of the former suit, the court would have been bound at the instance of defendant Goenaga, to require from the nonresident plaintiffs the furnishing of a bond to secure the costs. The position of the nonresident cross-claimants, who have requested affirmative relief against the plaintiff, is similar to that which they would have occupied if, instead of filing a cross complaint, they had filed a separate action to recover the damages which they now claim through the cross complaint. In so far as the cross complaint is concerned, the petitioners herein are, and should be considered, as plaintiffs, and plaintiff Goenaga as defendant for the purpose of the provisions of § 342 of the Code of Civil Procedure. See 48 C. J. 1219; *Fox v. Pinson,* 34 S.W. (2d) 459, 74 A.L.R. 583; *Paducah Hotel Co.* v. *Long,* 17 S.W. 853; *O'Neill Bros.* v. *Crowley,* 24 Fed.

Supp. 705–7; *Brooks* v. *Laurent*, 98 Fed. 647; *Tiller* v. *Cincinnati*, 110 S.W. (2d) 420; *Gabrielle* v. *Masselli*, 197 A. 415; 7 Cal. Jur. 272 *et seq.*[1]

The order under review should be affirmed.

Mr. Justice Marrero did not participate herein.

---

[1] Although the question has not been raised, it should be stated that, in accordance with Rule 13 of the Rules of Civil Procedure, any claim which the defendant might have against the plaintiff shall be stated in the answer by way of a counterclaim and not as a "cross complaint," whether or not it arises from the transaction or occurrence which is the subject matter of the opposing party's claim.