José F. Román y Julia Román de Román, peticionarios, *v.* El Tribunal de Distrito de San Juan, Hon. Borinquen Marrero Ríos, Juez, demandado; Rufino de Goenaga, interventor.

Núm. 1672.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Diciembre 22, 1947.

*Harry B. Llenza,* abogado de los peticionarios; *Sergio G. Gelpí,* abogado del interventor, demandante y contrademandado en el pleito principal.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Los peticionarios, residentes en la ciudad de Nueva York, fueron allí emplazados y notificados con copia de una demanda contra ellos interpuesta por Rufino de Goenaga, sobre cumplimiento de un contrato para la venta de un solar, el cual fué embargado. Los peticionarios contestaron la demanda y formularon una contrademanda reclamando daños y perjuicios, más $500 para honorarios de abogado. El demandante Goenaga solicitó entonces que se dictase una orden requiriendo a los demandados contrademandantes por el hecho de no ser residentes de la Isla de Puerto Rico, para que prestasen una fianza que garantizara el pago de las costas al demandante. La solicitud fué declarada con lugar, fijando

la corte una fianza por la suma de $300 y ordenando la suspensión de todo procedimiento en relación con la contrademanda hasta que dicha fianza fuese prestada.

Los contrademandantes solicitaron la reconsideración de la orden; y habiendo sido ésta denegada, acudieron ante este Tribunal por medio del presente recurso. Alegan que la corte inferior carecía de jurisdicción para dictar la orden recurrida "por razón de que el artículo 342 del Código de Enjuiciamiento Civil (1933) dispone que la prestación de fianza sólo puede requerirse cuando el demandante en un pleito residiere fuera de la Isla de Puerto Rico y en ninguna forma incluye ni expresa ni implícitamente a un demandado." Alegan, además, que si la intención del legislador hubiera sido la de imponer al demandado esa obligación, así lo hubiera hecho constar en el propio estatuto; y que la reconvención y la contrademanda son remedios del demandado que no pueden ser limitados mediante prestación de fianza, a menos que el estatuto expresamente así lo requiera.

La contrademanda radicada por los demandados no residentes, aquí peticionarios, se basa en una negación absoluta de las alegaciones de la demanda al efecto de que los demandados ofrecieron vender al demandante el solar en controversia; y en las alegaciones de que el pleito incoado por el demandante Rufino de Goenaga ha sido una sorpresa para los demandados ausentes y es parte de un plan del demandante para obligar a los demandados a venderle el solar por un precio inferior a su justo valor. Alegan los contrademandantes no residentes, que para atender a la defensa del pleito iniciado por Goenaga, el demandado Román se vió obligado a hacer un viaje precipitado desde Nueva York a Puerto Rico, gastando en el mismo la suma de $389; que tuvo que abandonar su negocio en Nueva York, perdiendo un total de $650; y que por no haber podido continuar la dieta a que estaba sometido por prescripción facultativa, sufrió daños y perjuicios ascendentes a la suma de $300.

No nos detendremos a considerar si la contrademanda interpuesta por los demandados no residentes es.o no prematura. La única cuestión a resolver es si la corte inferior erró al resolver que los demandados contrademandantes están obligados, por el hecho de no residir en Puerto Rico, a prestar una fianza para garantizar las costas.

El artículo 342 del Código de Enjuiciamiento Civil, dispone que "cuando el demandante en un pleito residiere fuera de la Isla . . ., puede requerírsele para que preste fianza por las costas y gastos en que pudiere ser condenado" y, además, que "cuando así se le requiriere, habrá de suspenderse todo procedimiento en el pleito hasta que se hubiere presentado al secretario de la corte una fianza . . . que no excederá de la suma de trescientos dollars."

Es indudable que si los aquí peticionarios, en vez de interponer una contrademanda hubiesen esperado hasta haber obtenido una sentencia a su favor en el pleito iniciado por Goenaga, para reclamar a éste mediante una demanda separada los daños y perjuicios sufridos por ellos como consecuencia del pleito, la corte estaría obligada, a petición del demandado Goenaga, a requerir a los demandantes no residentes para que prestasen una fianza por las costas. La posición de los contrademandantes no residentes, quienes solicitan un remedio afirmativo contra el demandante, es igual a la que ocuparían si en vez de contrademandar hubiesen presentado una demanda por separado para reclamar los daños que ahora reclaman en la contrademanda. En cuanto a la contrademanda, los aquí peticionarios son y deben ser considerados como demandantes y el demandante Goenaga como demandado, a los efectos de las disposiciones del artículo 342 del Código de Enjuiciamiento Civil. Véase: 48 C. J. 1219; *Fox* v. *Pinson,* 34 S.W. 2d 459, 74 A.L.R. 583; *Paducah Hotel Co.* v. *Long,* 17 S.W. 853; *O'Neill Bros.* v. *Crowley,* 24 Fed. Supp. 705–7; *Brooks* v. *Laurent,* 98 Fed. 647; *Tiller* v. *Cincinnati*

*Discount Co.,* 110 S.W. 2d 420; *Gabrielle* v. *Masselli,* 197 A. 415; 7 Cal. Jur. 272, *et seq.*([1])

*La resolución recurrida será confirmada.*
El Juez Asociado Señor Marrero no intervino.

------

([1]) Aun cuando la cuestión no ha sido levantada, conviene aclarar que de acuerdo con la Regla 13 de las Reglas de Enjuiciamiento Civil cualquiera reclamación que el demandado pueda tener contra el demandante se hará constar en la contestación, por vía de reconvención y no como "contrademanda", ya surja o no de la transacción o evento que motivó la reclamación de la parte contraria.