458 P.2d 867

Peter McKELLAR, Mary Helen Parsons, James Leslie McKellar, Charles McKellar and Glen McKellar, Plaintiffs and Appellants,

v.

Nellie McKELLAR, Defendant and Respondent.

No. 11456.

Supreme Court of Utah.

Sept. 9, 1969.

Carvel R. Shaffer, of Burton, Blonquist, Cahoon, Matheson & Shaffer, Salt Lake City, for appellants.

Kenneth M. Hisatake, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiffs initiated this action to cancel a warranty deed executed in 1947, and duly recorded, to defendant and her husband (now deceased) on the ground of mistake, i. e., the grantors were unaware they were conveying the property described in the deed.

The plaintiffs are five of the eight children of Mary McKellar; defendant's deceased husband was also one of her children.

On December 17, 1942, Mary McKellar conveyed seven parcels of land to her two daughters, Mary Helen Parsons and Montella McKellar Dick, by warranty deed, which was recorded August 20, 1945. The mother executed simultaneously with the deed a separate agreement, wherein the two daughters undertook the duty to distribute equally the income or proceeds from the rental or sale of the land to Mary McKellar's eight children. The two daughters were granted full power to sell, mortgage, rent, or lease the land, but such selling or mortgaging was to be done only with the consent of two-thirds of the majority of the eight children. The agreement further provided that if one of the eight children should die before the funds were exhausted, then his portion should go to his issue, and if he died without issue, then his share should be divided equally among the remaining children. This agreement was not recorded until January 25, 1951, almost

five and one half years after the mother's deed to the daughters was recorded.

On May 5, 1947, the two daughters conveyed by a warranty deed, which was duly recorded, three parcels of land, consisting of 13 acres, 28.04 acres, and 6.17 acres, to their brother Frank McKellar and his wife, Nellie McKellar, the defendant. The 28.04-acre parcel is the subject matter of this action; only one of the grantors is a plaintiff, Mary Helen Parsons. By the pleadings and affidavit, she claimed that the 28.04-acre parcel was inadvertently described on the conveyance, and that the grantors were unaware that they were conveying the property. She further stated that she did not obtain the consent of the two-thirds majority of the children to make such conveyance. The plaintiffs further alleged that they did not discover the mistake until 1966. The defendant responded that she and her husband, until his death, had been in possession of the property for the past 21 years (from the time of the conveyance), had fenced and cultivated it, and had paid all taxes assessed thereon.

Plaintiffs in their complaint alleged that Mary McKellar died in 1948. By affidavits, all of the plaintiffs declared that after their mother's death, they met and decided that their brother, Frank McKellar, could use the property because of its close proximity to his own, that Frank and Nellie did subsequently use the property with their consent, and that in consideration for the use of the property Frank and Nellie paid the taxes. (It is noteworthy that all of these events were subsequent to the 1947 conveyance.)

On June 20, 1953, seven of the McKellar children, including all of the plaintiffs, executed a release and consent, which was recorded July 3, 1953, wherein they unconditionally consented and agreed that the eighth child, Frank McKellar, might proceed with the sale and conveyance of any and all real property involved by the terms of the warranty deed of Mary McKellar, dated December 17, 1942. The release in another paragraph then specifically authorized Frank to sell and make a conveyance of a specific parcel of real property, which is not involved in the instant dispute.

In plaintiffs' prayer they asked the court, in the alternative, to find that plaintiffs had an interest in the property, that they be declared owners in fee with equal interests as heirs of Mary McKellar, that the deed recorded be found to constitute a cloud on their title and be cancelled; or that the court declare a trust on the property for the benefit of the plaintiffs who are heirs of Mary McKellar and that the deed to defendant and her deceased husband be declared null and void.

Defendant in her answer asserted as an affirmative defense that plaintiffs' action based on the theory of mistake was barred by the statutes of limitation in Sec. 78–12–26(3) and Sec. 78–12–23 et seq., U.C.A.,

1953. Defendant further pleaded that plaintiffs' action was barred by Sec. 78–12–5 through Sec. 78–12–9 and Sec. 78–12–12 and Sec. 78–12–28, U.C.A., 1953. Defendant filed a counterclaim wherein she prayed that the court quiet title to the subject property in her. Defendant moved for summary judgment; the trial court granted her motion and quieted title to the property in her name.

On appeal, plaintiffs contend that there are many unresolved material issues of fact and that the trial court erred in granting defendant's motion for summary judgment. Plaintiffs have urged seven points on appeal. The critical issue resolves around the time of discovery of the mistake, since Section 78–12–26(3), U.C.A., 1953, provides a three-year limitation period for relief on the ground of fraud or mistake, " * * * but the cause of action in such case shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

Plaintiffs assert that they were unaware that the property had been included in the 1947 deed until approximately November, 1966; and, therefore, the three-year limitation period had not run prior to their filing their action in 1968 to cancel the deed on the ground of mistake.

Defendant contends that the plaintiffs had constructive notice of the contents of the deed by operation of Sec. 57–1–6, U.C.A., 1953 and Sec. 57–3–2, U.C.A., 1953, which provides: "Every conveyance, * * shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof; * * *."[1] Furthermore, defendant argues plaintiffs were given actual notice in June of 1953, when they executed the release and consent to Frank McKellar of "any and all real property" involved in the original deed between the mother and two daughters.

In this action, plaintiffs have not alleged that there was any conduct on the part of

1. See Smith v. Edwards, 81 Utah 244, 257, 259, 17 P.2d 264 (1932), 269–270, wherein this court observed:
   "Under the statute [57–3–2, U.C.A., 1953] from the time of filing the conveyance with the recorder it shall impart notice to all persons of the contents thereof. From the time of recording these conveyances all persons, including plaintiffs, notice was imparted to them that the conveyances contained the statements above quoted. That the plaintiffs and all other persons had notice that such conveyances had been made and recorded seems to go without saying, for surely, if one is charged with notice of the contents, he must be charged with notice of the existence of the document itself. * * *
   * * * * *
   " * * * Unless the notice referred to in Comp.Laws Utah 1917, § 4900 [57–3–2], means what it says then one is left to trace out from the uncertainties of human activities, memories, and conflicting interests what the facts were. Evidently the statute was intended to constitute notice of the contents of the recorded document, without reference to place of residence or otherwise."

the defendant or her husband which prevented the grantors from ascertaining the contents of the deed, nor have they alleged that defendant had actual notice of the trust agreement which was not recorded for more than three years subsequent to the 1947 conveyance to her and her spouse. They have not pleaded with particularity the circumstances constituting the mistake, Rule 9(b), U.R.C.P. They simply allege that the grantors, one of whom is not even a party to the action, were unaware on a simple one-page deed that they were conveying a tract of 28.04 acres, which has admittedly been in the actual possession of the grantees since the time of conveyance, a period of 21 years. Their only explanation is that the beneficiaries consented to this possession after their mother's death, an event subsequent to the 1947 conveyance.

Although plaintiffs have not pleaded the circumstances that contributed to the alleged unawareness of the grantors at the time when they executed the conveyance of 1947, the rule stated by the court in Hjermstad v. Barkuloo [2] is relevant:

It is a general rule that a party will not be relieved, either by a court of equity or a court of law, where he executes an instrument without reading it, when he has it in his hands and negligently fails to ascertain the contents of it; the other party not being guilty of any deceit or false representations as to its contents, by means of which he is put off his guard. [Citation omitted.]

The judgment of the trial court is affirmed; costs are awarded to defendant.

CROCKETT, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

2. 128 Mont. 88, 270 P.2d 1112, 1117 (1954).