Lyrad McCONKIE and Ilene McConkie, his
wife, Plaintiffs and Appellants,

v.

Floid C. HARTMAN and Ruth A. Hartman,
his wife, Defendants and Respondents.

No. 13614.

Supreme Court of Utah.

Dec. 5, 1974.

Brant H. Wall, Salt Lake City, for plaintiffs and appellants.

L. Ridd Larson, Ray, Quinney & Nebeker, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

The plaintiffs initiated these proceedings in the District Court of Duchesne County seeking in the alternative the reformation of a warranty deed; a decree quieting their title to the land described in the complaint; and specific performance of a real estate contract entered into by the parties. The defendants answered and denied that the plaintiffs were entitled to the relief prayed for and as an affirmative defense contend that the plaintiffs' claims are barred by the limitations set forth in Section 78–12–23, Section 78–12–25, and Section 78–12–26, Utah Code Annotated 1953. The court below found the issues in favor of the defendants, and the plaintiffs have appealed.

On March 19, 1959, the defendants entered into a uniform real estate contract for the sale of the real estate here involved with Arthello Clark and Nellie Clark, his wife, Richard D. Titensor and Betty C. Titensor, his wife. The Clarks and the Titensors took possession of the property. Defendants and the purchasers under the contract entered into an escrow agreement whereby the First Security Bank at Roosevelt, Utah, agreed to act as escrow. The contract to purchase and warranty deeds were deposited with the escrow. The warranty deeds contained reservations of mineral rights in the real property. In the month of October 1960, the Clarks and Titensors assigned their interest under the purchase contract to the plaintiffs. On November 1, 1960, plaintiffs and the defendants entered into a real estate contract

which corrected and amended some of the conditions in the real estate contract between the defendants and the Clarks and Titensors. The contract contained no reservation of mineral interests. The contract between the plaintiffs and the defendants was deposited with the First Security Bank of Roosevelt under an escrow agreement. On or about December 8, 1961, the defendants had their attorney prepare two warranty deeds to replace those which had named the Clarks and Titensors as grantees. The new deeds conveyed the property to the plaintiffs as grantees and contain the same reservation of mineral interests as appeared in the deeds to the Clarks and Titensors.

During the year 1964 the plaintiffs negotiated with the Travelers Insurance Company for a loan to be secured by the real property included in the contract of sale with the defendants. In connection with the loan the plaintiffs paid to the escrow the balance due on the contract and directed the escrow holder to deliver the warranty deeds to Security Title Company, which was to furnish title insurance to Travelers Insurance Company. In response to the plaintiffs' application for a loan, Travelers forwarded its loan approval which contained in part the following language:

> It is understood that a standard A. P. A. title policy, acceptable to the Travelers Insurance Company, will be furnished; also, if the title insurance policy does not specifically set out the mineral interests, it is understood that a separate mineral opinion will be furnished.

Approval also suggested that the plaintiffs deal with Security Title Company of Salt Lake City. The title company delivered the warranty deeds to the county recorder on February 26, 1964, and the real estate mortgage to the Travelers was recorded on the same date. It is the plaintiffs' claim that they did not discover reservation of mineral interests in the deed until on or about November 29, 1972. The testimony adduced on behalf of the plaintiffs indicates that they did not see the deeds after their recordation.

It is the plaintiffs' claim here as well as in the court below that there was a fraudulent concealment on the part of the defendants which postponed the commencement of the running of the statute pursuant to the provisions of Section 78–12–26(3) which provides as follows:

> An action for relief on the ground of fraud or mistake; but the cause of action in such case shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

The court below found that the plaintiffs had full opportunity to discover the reservations in the deeds when the deeds were delivered to Security Title Company and when they reviewed problems in the chain of title. That all of the circumstances existing at or about the time the deeds were recorded were such as to furnish full opportunity to the plaintiffs for the discovery of the mistake or fraud, if any existed. The court further found that more than eight years had elapsed since the time for reasonable inquiry on the part of the plaintiffs would have revealed the mistake or fraud to the time of filing their complaint. The trial court concluded that the claims of the plaintiffs are barred by the statutes of limitation above referred to.[1]

The judgment of the court below is affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. Smith v. Edwards, 81 Utah 244, 17 P.2d 264; McKellar v. McKellar, 23 Utah 2d 106, 453 P.2d 867.